## 77099. CLAYBROOKS v. THE STATE.
### (375 SE2d 880)

Pope, Judge.

Defendant Fred Allen Claybrooks was convicted of the offense of trafficking in cocaine. On appeal he challenges the sufficiency of the evidence and contends that his conviction was based solely on the uncorroborated testimony of an alleged accomplice.

The record shows that the defendant and the alleged accomplice, Oliver Jones, Jr., were traveling from Florida to Alabama when they were stopped in Georgia by an officer of the Georgia State Patrol for speeding. Jones was driving at the time of the stop, and upon request of the officer, consented to a search of the rental car in which they were traveling. The officer testified that he asked for consent to search after receiving inconsistent stories as to where defendant and Jones had been, although both apparently stated that the purpose of their trip was to look at construction sites. The search yielded a small amount of cocaine in a cigarette pack in the front seat and a larger quantity (over 200 grams) in a McDonald's bag behind the driver's seat. The officer also found a money bag located in Jones' overnight bag.

Jones testified at trial that he and the defendant were making a cocaine run for the defendant's employer, and that the employer gave both the keys to the rental car and the money bag to the defendant. Jones further testified that when they arrived in Hollywood, Florida the defendant dropped him off at a fast food restaurant while the defendant went to buy the cocaine. Jones testified that when the defendant returned to pick him up, he had the cocaine in a white plastic bag which was placed inside a McDonald's bag. Jones admitted that he had been on cocaine runs before.

Defendant testified that Jones and he were traveling at the behest of his employer in order to check out a possible construction job in Florida. He stated that his employer gave him the keys to the car and showed him where the rental agreement was located but that the first time he saw the money bag was when the officer found it during the search of the car. The defendant further testified that when they arrived in Florida, Jones left him at a fast food restaurant and told him he would bring the man who knew about the construction job to the restaurant so they could both talk to him. However, Jones returned alone and told the defendant the job had not worked out and they should head back home. The defendant also presented the testimony of two inmates, who had been incarcerated with both the de-

fendant and with Jones, who testified that Jones told them that the defendant was a junkie and did not know that there were drugs in the car. The witnesses further testified that Jones stated he wished he had told the defendant the drugs were in the car because the defendant might have attempted to flee the scene and dispose of the drugs if he had known about them.

"In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. . . . The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. [Cit.] 'However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. (Cit.) Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict. (Cit.)' [Cit.]" *Castell v. State*, 250 Ga. 776, 780 (301 SE2d 234) (1983).

Here there was no evidence presented, slight or otherwise, corroborating the testimony of the accomplice that the defendant participated in the crime of trafficking in cocaine. Moreover, the defendant presented testimony which tended to substantiate his version of events and discredit the accomplice. Although corroboration may be by circumstantial evidence, *LeCounte v. State*, 183 Ga. App. 407 (2) (359 SE2d 193) (1987), "[t]he evidence must do more than merely cast a grave suspicion of guilt on the accused." *Powell v. State*, 166 Ga. App. 393, 394 (304 SE2d 515) (1983). Consequently, we agree with defendant that the evidence was insufficient to sustain the verdict and that the judgment must be reversed. See *Reed v. State*, 127 Ga. App. 458 (1) (194 SE2d 121) (1972).

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 15, 1988 —
REHEARING DENIED DECEMBER 2, 1988 —

*Morris & Webster, Lee W. Fitzpatrick*, for appellant.
*David E. Perry, District Attorney, Ronald F. Adams, Assistant District Attorney*, for appellee.