## A89A1674. HANSON v. THE STATE.
(387 SE2d 441)

SOGNIER, Judge.

William (Bill) Francis Hanson was convicted of five counts of burglary, and he appeals.

The evidence adduced at trial showed that on June 2, 1987, a home in south Fayette County was burglarized and a VCR and two guns were taken. A week later, on June 9, 1987, four homes in the same area of Fayette County near the town of Brooks were burglarized. In all but one of these burglaries, guns were taken, and in several, change and jewelry, including a gold rope chain with a razor blade charm, were also taken. House painters working near one of the burglarized homes reported the presence in the neighborhood of a small blue vehicle with tinted windows and two white male occupants at the time of the burglaries.

After receiving information that some of the stolen items were being offered for sale in the Senoia area, Investigator Mike Pruitt of the Fayette County Sheriff's Department contacted Lieutenant Calvin Thompson of the Coweta County Sheriff's Department, and they met with Chief Ralph Powell of the Senoia Police Department, who had received information that a Senoia resident, Curtis McCrary, had been offering to sell a gun. The officers met with McCrary, who identified "Bill," later identified as appellant, and D. M., a juvenile, as two white males who had approached him in a small, dark car driven by appellant and told him they had a "couple of guns to get rid of and a VCR." Powell testified that after receiving information that McCrary might be selling stolen goods he began watching McCrary, and on June 10, 1987, observed a meeting between McCrary and "two white guys in a small car."

The officers subsequently questioned D. M. and ascertained that he drove a small blue Ford Escort automobile with tinted windows. D. M. confessed, identified the burglarized homes, and implicated appellant. Pruitt and Thompson then went to appellant's home and awaited his arrival. When appellant arrived home, the officers observed a gold rope chain with a razor blade charm on the floorboard of the passenger side of the vehicle he was driving. A victim later identified the chain and charm as having been stolen from his home. The vehicle also contained a gym bag full of pennies and several knives.

1. Appellant maintains the trial court erred by admitting, over objection, the testimony of D. M. However, appellant's brief fails to include argument or citation of authority on this issue, and it is therefore deemed abandoned under Rule 15 (c) (2) of this court. *Motes v. State*, 189 Ga. App. 430 (1) (375 SE2d 893) (1988).

2. Appellant contends his convictions were impermissibly based

on the uncorroborated testimony of D. M., an accomplice, and thus the trial court erred by denying his motion for new trial. OCGA § 24-4-8 provides that "[t]he testimony of a single witness is generally sufficient to establish a fact. However, in certain cases, including . . . . felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness, except in prosecutions for treason." "Under (OCGA § 24-4-8), testimony of an accomplice must be corroborated by either another witness or by corroborating circumstances. The corroboration, however, need not be sufficient to warrant a guilty verdict or prove every material element of the crime; it need only tend to connect and identify the defendant with the crime charged." (Citations and punctuation omitted.) *Raines v. State*, 186 Ga. App. 239, 240 (2) (366 SE2d 841) (1988).

(a) We find that D. M.'s testimony regarding Counts IV, V, and VI was sufficiently corroborated by other evidence adduced at trial, and we affirm appellant's convictions on those counts. Count IV charged appellant with entering the residence of Ralph Pollard on June 9, 1987 with the intent to commit a theft. D. M.'s testimony implicating appellant in that burglary was corroborated by Pollard's identification of jewelry taken in that theft and Pruitt and Thompson's identification of the same jewelry as that found in appellant's car when he was arrested. " 'Unexplained recent possession of stolen goods permits a jury to infer that the accused committed the theft. [Cit.]' " *Faust v. State*, 189 Ga. App. 426, 427 (1) (375 SE2d 889) (1988).

Count V charged appellant with the burglary of the home of Roy Samples, from which a VCR and two guns were taken on June 2, 1987. D. M.'s testimony implicating appellant in that crime was corroborated by that of the victim describing the articles taken, the testimony of McCrary that both appellant and D. M. approached him to sell two guns and a VCR at about the time of the Samples burglary, and the testimony of Powell, who saw the two white males meeting with McCrary. Count VI charged appellant with entering the home of Stephen Alogna with intent to commit a theft. D. M.'s testimony in that regard was corroborated, if only slightly, by the testimony of the neighborhood house painters who saw a car matching the description of that of D. M. and occupied by two white males in the neighborhood at the time of the burglary.

(b) Counts I and III of the indictment charged appellant with entering the residences of Lyndia McAfee and Hal White on June 9, 1987 with the intent to commit theft. We are unable to find in the record any evidence corroborating D. M.'s implication of appellant in these two crimes. Although McAfee testified that her home was bur-

glarized on June 9, 1987 and a nine milimeter pistol was taken, thus corroborating D. M.'s testimony that they took a nine milimeter pistol during the burglary of the McAfee home, no evidence links *appellant* with this crime other than the testimony of D. M. Similarly, White corroborated D. M.'s testimony that White's home was broken into through a high rear window, but did not corroborate D. M.'s testimony that appellant participated in the crime. Although "evidence corroborating the accomplice's testimony does not have to be sufficient in and of itself to support a verdict of guilty," *Gunter v. State*, 243 Ga. 651, 655 (256 SE2d 341) (1979), " 'insofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime.' [Cit.]" *Cofer v. State*, 166 Ga. App. 436, 437 (1) (304 SE2d 537) (1983). Accordingly, we are constrained to reverse appellant's convictions on Counts I and III.

3. The record does not support appellant's contention that D. M. testified appellant did not enter the residences burglarized, and there is thus no merit in appellant's enumeration that the trial court erred by denying appellant's motion for a new trial on that ground.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 19, 1989.

*Martin & Martin, Harold E. Martin*, for appellant.
*W. Fletcher Sams, District Attorney, William H. Stevens, Assistant District Attorney*, for appellee.