A91A1823. SANCHEZ v. THE STATE.
(416 SE2d 139)

COOPER, Judge.

Appellant appeals his conviction of voluntary manslaughter and aggravated assault. He enumerates as error the denial of his motion for directed verdict and the trial court's admission of photographs of the victim.

Appellant and Elfego Simon ("Simon") were arrested and indicted for the murder of the victim. Prior to trial, Simon pled guilty to voluntary manslaughter and subsequently testified against appellant. The evidence adduced at trial reveals that in 1988, Simon lived in a trailer at a trailer park in Gainesville, Georgia, with the victim and several others. Simon subsequently moved to Texas where he met

appellant, and in January 1989, they both returned to Gainesville and moved into a trailer located in the same trailer park. Around midnight on the evening of January 16, 1989, appellant and Simon were both intoxicated and standing outside their trailer. A van carrying the employees of a local poultry company arrived at the trailer park, and several passengers, including the victim, got out of the van and walked toward their trailers. Simon testified that appellant urged him to attack the victim to get revenge for a previous fight involving Simon and the victim, and consequently, Simon attacked the victim from behind. Appellant and Simon both began kicking the victim until he fell to the ground. Then they dragged the victim into the woods toward a ravine where the attack by Simon and appellant continued. Simon ran away from the scene of the beating, but looked back and saw appellant do something with his hand near the victim's throat area at which time the victim stopped screaming. When appellant caught up with Simon, appellant was wearing only one shoe. The victim's body was discovered approximately two days later in a muddy ravine. Among the physical evidence found by investigators in the area of the victim's body was a shoe covered with blood and hair. The mate to that shoe was found under appellant's trailer covered with mud. Two persons testified for the State that they were present in a trailer where appellant and Simon spent the first night after they arrived in Gainesville in January 1989. Both witnesses remembered the shoes that appellant was wearing that night, and both testified that the shoe found near the victim's body was similar to the shoes appellant was wearing. There was also evidence that on the day appellant was arrested, he told two of his friends that he needed to buy a pair of shoes and that for a day or two preceding appellant's arrest, he had been wearing a pair of rubber work boots.

1. Appellant first enumerates as error the denial of his motion for directed verdict made after the conclusion of the State's case. Appellant argues that there was insufficient evidence of his guilt because the testimony of Simon was uncorroborated as required by OCGA § 24-4-8. "Although a defendant may not be convicted on the uncorroborated testimony of an accomplice, OCGA § 24-4-8, slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony, and thus, support the verdict. [Cit.]" *Durham v. State*, 181 Ga. App. 155 (1) (351 SE2d 683) (1986). The testimony of witnesses with respect to the shoe that was found at the scene connected appellant to the crime. In addition, at least three persons, including the driver of the van and two other passengers, saw two men standing around in the trailer park when the van arrived at the trailer park. Appellant was identified as one of the men. Another witness testified that one of the two men began to follow the victim. The shoe found near the victim's

body had blood and hair on it, and at least one of the hairs matched hair samples taken from the victim's head. Also, the physical condition of the area where the victim's body was found, including blood and hairs and drag marks, indicated that two persons were involved in the killing. " ' "The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence. [Cits.]" [Cit.]' [Cit.] The evidence presented here was sufficient to corroborate the [testimony of Simon], and when viewed in the light most favorable to the verdict, was sufficient for a rational trier of fact to find appellant guilty of [the crimes charged] beyond a reasonable doubt. [Cits.]" *Day v. State*, 197 Ga. App. 875 (1) (399 SE2d 741) (1990).

2. Appellant also contends that the trial court erred in admitting over objection photographs of the victim's body which showed that parts of his body, including his genital area, had been eaten away by animals after his death and before the discovery of his body. "It is well settled that 'a photograph relevant and material to the issues is not excludable on the ground that it is prejudicial. [Cit.]' [Cits.]" *Smith v. State*, 196 Ga. App. 758, 759 (396 SE2d 809) (1990). The photographs were relevant to show the scratch marks and abrasions on the victim's body which were consistent with the testimony that the victim had been dragged through the woods. The photographs were taken before an autopsy and reflected the combined forces of appellant and Simon in killing the victim and leaving him exposed to the elements, which naturally include carnivorous animals. Moreover, there was testimony by the medical examiner that the photographs showed post mortem damage to the victim's body. We find no error with the admission of these photographs. *Baxter v. State*, 254 Ga. 538 (8) (331 SE2d 561) (1985).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 25, 1992.

*Daniel J. Sammons*, for appellant.
*C. Andrew Fuller, District Attorney, William M. Brownell, Jr., Assistant District Attorney*, for appellee.