A92A1116. TUCKER v. THE STATE.
(423 SE2d 422)

JOHNSON, Judge.

David Tucker was convicted by a jury of six counts of burglary and one count of theft by bringing stolen property into the state. He appeals his conviction.

In his sole enumeration of error, Tucker contends that the circumstantial evidence presented at trial which corroborated the testimony of his accomplice was insufficient to support the jury's guilty

verdicts. We disagree. " 'Although a defendant may not be convicted on the uncorroborated testimony of an accomplice, OCGA § 24-4-8, slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony, and thus, support the verdict. (Cit.)' [Cit.]" *Sanchez v. State*, 203 Ga. App. 61, 62 (1) (416 SE2d 139) (1992). "Sufficient corroboration may consist of either direct or circumstantial evidence which connects the defendant with the crime, tends to show his participation therein, and would justify an inference of the guilt of the accused independently of the testimony of the accomplice." (Punctuation and citations omitted.) *Edwards v. State*, 200 Ga. App. 580, 584 (4) (408 SE2d 802) (1991). Vernon "Buddy" Ryals testified at trial that he and Tucker committed a series of burglaries in August and September 1991, stealing jewelry, silverware, VCRs and other items which they would exchange for crack cocaine and cash. The pair would travel in Tucker's red Chevy Nova to rural residences identified by Tucker. They would then attempt to pry open a door or window with a screwdriver. If that method of entry failed, they would kick a door or window out in order to gain entry. Ryals identified a large yellow-handled screwdriver as the instrument which they used to pry open doors and windows. A screwdriver, such as the one described by Ryals, was found by police in Tucker's car at the time of his arrest. Numerous victims testified that their doors appeared to have been pried open with a screwdriver or similar instrument. A car stereo, which was identified as one of the stolen items, was found installed in Tucker's car. Tucker's car was seen by a testifying detective at the location described by Ryals as the location in Florida where the goods were traded for drugs.

Although he did not admit stealing the goods, Tucker corroborated Ryals' testimony himself by admitting that he had voluntarily transported Ryals to sell various items which other witnesses testified had been stolen from their homes. "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Punctuation and citations omitted.) *Bennett v. State*, 202 Ga. App. 699 (415 SE2d 310) (1992).

"The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence." (Punctuation and citations omitted.) *Sanchez*, supra at 63. Reviewing the evidence in the light most favorable to the jury's deter-

mination, we conclude that the evidence was sufficient to authorize the jury's finding that Tucker was guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1992.

*Andrews & Seery, S. Andrews Seery*, for appellant.

*H. Lamar Cole, District Attorney, Mark Miller, Assistant District Attorney*, for appellee.