A92A1584. HAYES v. THE STATE.
(423. SE2d 729)

POPE, Judge.

Defendant Timothy Hayes was convicted of possession of cocaine and possession of marijuana in violation of the Georgia Controlled Substances Act. He appeals the denial of his motion for new trial.

1. Defendant first contends the trial court erred in allowing the State to introduce evidence of a previous crime.

At the hearing on the admissibility of the prior crimes evidence (and again at trial) the State presented testimony that in December 1983 officers obtained a search warrant for defendant's residence. At the time the premises were searched, defendant and two other individuals were present. The search uncovered both marijuana and cocaine at different locations throughout the house as well as various items of drug paraphernalia, including a mirror, razorblade and tray located on a shelf in defendant's bedroom. Defendant admitted the drugs were his and entered a guilty plea to the offenses of possession of cocaine and possession of marijuana in early 1984. The present offenses occurred approximately seven years later when police again obtained a warrant for the search of defendant's residence. Defendant was not home at the time of the search, but Keith Rice, a friend of defendant, was present. During the search officers discovered various items of drug paraphernalia throughout the residence including a mirror and razorblade which were found on the mantle in defendant's bedroom. A white substance adhering to the razorblade was subsequently identified as cocaine. Two marijuana plants were found growing in a bucket in defendant's bedroom closet. Defendant admitted at trial that the marijuana and items of drug paraphernalia were his, but denied any knowledge of the cocaine. Keith Rice testified at trial and admitted he had purchased the cocaine and brought it to defendant's house, and testified that the night before the search both he and the

defendant snorted the cocaine using defendant's razorblade and mirror to lay out the lines of cocaine.

Defendant argues it was reversible error for the trial court to admit evidence of the prior cocaine possession charge because the State failed to articulate the specific purpose for which the evidence was being offered and because there was no legitimate purpose warranting admission of the evidence. The record shows that on several different occasions during the hearing to determine the admissibility of the similar crimes evidence the prosecutor articulated the purpose for which the evidence was being introduced, and that the prosecutor specifically stated that the evidence was being offered to show motive, intent, bent of mind and course of conduct. Contrary to defendant's contention on appeal, we do not think the fact that the prosecutor articulated more than one purpose (motive, intent, bent of mind, course of conduct) for the admission of the evidence "was tantamount to not stating the . . . purpose at all. . . ." The trial court ruled the evidence admissible to show intent, motive, similarity of circumstances and knowledge. We agree "there was adequate 'evidence to establish between the independent crime[ ] and the crime on trial such similarity to and logical connection with each other so that proof of the independent crime tends to establish, by evidence of identity, bent of mind, or intent, the commission of the crime for which [the defendant] is on trial.' *Stephens v. State*, 261 Ga. 467, 469 (405 SE2d 483) (1991)." *Poole v. State*, 201 Ga. App. 554 (2) (411 SE2d 562) (1991). See also *Hickey v. State*, 202 Ga. App. 636 (415 SE2d 60) (1992); *Banks v. State*, 201 Ga. App. 266 (1) (410 SE2d 818) (1991); *Faison v. State*, 199 Ga. App. 447 (1) (405 SE2d 277) (1991). Consequently, this enumeration of error is without merit.

2. Defendant challenges the sufficiency of the evidence to support his conviction of the offense of possession of cocaine. Contrary to defendant's contention on appeal, his conviction was not based entirely on circumstantial evidence, inasmuch as the testimony of Keith Rice constituted direct evidence of his guilt. *Drake v. State*, 241 Ga. 583 (2) (247 SE2d 57) (1978), cert. denied, 440 U. S. 928 (99 SC 1265, 59 LE2d 485) (1979). Likewise, the present case is distinguishable from *Claybrooks v. State*, 189 Ga. App. 431 (375 SE2d 880) (1988), relied on by the defendant, because in *Claybrooks*, the only evidence of defendant's participation in the crime charged was the uncorroborated testimony of an alleged accomplice. In the case at bar the razorblade on which the cocaine residue was detected was discovered on the mantel in defendant's bedroom, lying next to the mirror which the accomplice said was also used to snort the cocaine. Defendant admitted the mirror, bearing the slogan "Have a snort," belonged to him. Although the alleged accomplice was at defendant's house alone at the time of the search, evidence was presented that the accomplice,

who spent the night on the couch in defendant's living room, did not have access to defendant's bedroom during the night, and that he was still lying on the couch when defendant left for work approximately one hour before officers arrived to search the premises at 7:30 a.m. Defendant also admitted he owned the marijuana plants found in his bedroom closet, and that other items of drug paraphernalia found throughout the house were his.

The corroborating evidence required to sustain a conviction based upon the testimony of an accomplice "need not be sufficient to warrant a conviction, slight evidence identifying the accused as a participant in the crime is sufficient to support the verdict[, and the corroborating evidence may be circumstantial. *Blalock v. State*, 250 Ga. 441, 443 (4) (298 SE2d 477) (1983)]. [Cit.] Sufficiency of the corroboration of the accomplice's testimony is for the jury. If some evidence of corroboration exists, this court will uphold the verdict. [Cit.] As the accomplice's testimony was corroborated, this enumeration is without merit." *Hall v. State*, 162 Ga. App. 713, 715-716 (293 SE2d 862) (1982). Accord *Lecounte v. State*, 183 Ga. App. 407, 408 (2) (359 SE2d 193) (1987).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 15, 1992.

*Donna L. Avans*, for appellant.
*Timothy G. Madison, District Attorney, Jeffery G. Morrow, Assistant District Attorney*, for appellee.