### A93A0311. ROOS v. THE STATE.
(430 SE2d 870)

Beasley, Presiding Judge.

Roos was convicted of homicide by vehicle in the first degree, OCGA § 40-6-393 (a), by reckless driving (OCGA § 40-6-390) or DUI (OCGA § 40-6-391). His motion for new trial was denied.

Roos and his sister had been drinking at a bar on a rainy night. As they drove home, the car spun out of control and struck a utility pole on the passenger side of the vehicle. Roos's sister was killed. A witness who observed the car lose control and rushed over to assist identified Roos as the driver and testified that Roos was "seated directly behind the steering wheel." This witness also testified that the "passenger . . . was squeezed in between the seat, the dash and the roof of the car with her head lying down to one side." A fire department rescue officer testified that the fire station was within earshot of the location of the wreck. He had just returned from the scene of another accident, heard the impact and immediately drove the short distance down the street to the accident. Roos was behind the wheel, and his sister had to be extracted from the passenger side of the wreckage using a special tool. A police officer noted the presence of a woman's white high heeled shoe on the passenger side and an open beer bottle on the floorboard on the driver's side. He testified that the large amount of blood on the passenger side air bag was consistent with the head and facial injuries sustained by Roos's sister. It was stipulated that a test performed at the hospital within an hour of the wreck indicated that Roos's blood alcohol level was .20. The victim's blood alcohol level was .14 and cocaine metabolites were also detected in her blood. The State also introduced evidence of two similar transactions as part of its case-in-chief.

Roos's defense was that he had not been driving, but had allowed his sister to drive while stretched out in the back seat because he was intoxicated.

1. In two enumerations of error, Roos challenges the similar transactions.

(a) Prior DUI conviction: At the USCR 31.3 (B) hearing, in making its showing regarding similarity of the independent offense, the State relied on the almost identical blood alcohol test results (.21 in

the independent DUI and .20 in the charged crime). Roos argues that because the witness presenting the test result at trial was not the person who had administered the test, his testimony regarding the result was inadmissible hearsay.

Roos pled guilty to that independent DUI, and the blood test result appears on the face of the accusation to which he acknowledged his guilt. A certified copy of the accusation and plea was entered into evidence. Pursuant to *Williams v. State*, 261 Ga. 640, 643 (2) (409 SE2d 649) (1991), the officer testified before the jury to the identity of Roos as the person he arrested on that charge. It was not error to admit the evidence.

(b) Pending DUI charge that occurred after the incident for which he was on trial:

He maintains both that the trial court failed to make the "on the record" determination that the State satisfied its burden, required by *Williams*, supra at (2) (b), and that this subsequent offense was not similar because, since he refused to take a blood alcohol test, no proof of intoxication was shown by the State.

*Williams* requires a hearing under USCR 31.3 (B) before any evidence of independent offenses or acts may be admitted into evidence. The State must affirmatively show: (i) that it "seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility"; (ii) that there is sufficient evidence establishing that the accused committed the independent act; and (iii) a sufficient connection or similarity between the independent act and the charged crime, so that proof of the former tends to prove the latter. The trial court must determine that each of the three showings has been met as to each independent act, and such determination must be made a part of the record. Id.

The State made the first and second affirmative showings required under *Williams*. The record does not show clearly that the State met its burden of showing the third affirmative requirement as to the subsequent independent DUI or that the trial court made an explicit determination on the record regarding whether the State met its burden as to this independent DUI. However, even assuming that these requirements were not met, such error is harmless when viewed in light of the other evidence presented. *Faison v. State*, 199 Ga. App. 447, 449 (1) (405 SE2d 277) (1991).

Given the evidence of Roos's extreme intoxication, the proper admission of the other independent DUI, and the testimony of eyewitnesses indicating the implausibility of Roos's defense that he was not driving, which was his sole defense, the record demonstrates overwhelming evidence of his guilt. Accordingly, any erroneous eviden-

tiary ruling regarding the subsequent independent DUI does not mandate reversal, as it is highly probable that such error did not contribute to the guilty verdict. Id.

2. In testifying about the subsequent DUI the arresting officer gave a chronological account of the incident, during which he mentioned the other traffic offenses involved in the arrest and that he had learned, when he ran a check, that Roos was a habitual violator whose license had been revoked. Relying on *Boyd v. State*, 146 Ga. App. 359 (2) (246 SE2d 396) (1978), Roos asserts the trial court erroneously denied his motion for mistrial based on this testimony.

In *Sabel v. State*, 250 Ga. 640, 643-644 (5) (300 SE2d 663) (1983), overruled on other grounds *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984), the Supreme Court held that *Boyd* did not establish a per se rule, and that the decision of whether such statements are so prejudicial as to warrant mistrial are within the trial court's discretion. On review, we must look at the relevant facts and circumstances to determine whether the trial court abused its discretion in denying the motion for mistrial.

The evidence in question related for the most part only to minor traffic offenses. Roos did not ask for curative instructions, and because of the presence of strong evidence that Roos was guilty of vehicular homicide we find that the trial court did not abuse its discretion in denying the mistrial. *Sabel*, supra at 644 (5).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 19, 1993.

*Megan C. Devorsey, Michael Sard*, for appellant.
*Lewis R. Slaton, District Attorney, Barry I. Mortge, Assistant District Attorney*, for appellee.