A93A0276. MONTGOMERY v. THE STATE.
(432 SE2d 120)

BIRDSONG, Presiding Judge.

Tyrone Montgomery appeals his conviction for armed robbery of a Hardee's restaurant in DeKalb County in October 1991. He contends the evidence was insufficient to prove armed robbery under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) because the victim did not actually see an entire gun but saw only a wooden "butt" which she was certain was the butt of a gun. He also contends the trial court erred by allowing evidence that Decatur police had disseminated a BOLO ("be on the lookout" bulletin) on appellant as a suspect in the robbery several months before he was arrested in 1992, which evidence the State hoped would constitute evidence of flight. *Held*:

1. The victim testified that she knew appellant well, having worked with him for some time at the restaurant until he was fired the morning of the robbery; that evening he came in the restaurant and when the victim went to the back office to change a $100 bill for a customer, appellant nudged the victim in the knee and told her he had come to shoot the manager and assistant manager, who were not present; he told the victim to open the safe but the victim laughed at first because she did not believe he was serious; then he told her he had robbed a McDonald's and showed the butt of a gun from his duffel bag. The victim testified that she had seen guns before, that she

was certain this was a gun, and that she felt threatened by the gun and by appellant's statements that he had come to shoot others and that he had robbed another restaurant. When the victim opened the safe, appellant removed money from it and took the $100 bill held by the victim. He disabled the telephone and left with a threatening warning not to call the police.

OCGA § 16-8-41 (a) provides that a person commits armed robbery when, with intent to commit a theft, he takes property "by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." Appellant contends that because the victim did not see the entire object, the evidence does not prove beyond a reasonable doubt that the wooden butt was a gun. However, under the plain words of the statute it is not necessary to prove appellant actually had a gun. See *Pettway v. State*, 204 Ga. App. 804 (420 SE2d 619). According to the standard of *Jackson v. Virginia*, supra, the evidence is sufficient to enable a rational trier of fact to conclude that appellant committed armed robbery, beyond a reasonable doubt.

2. The trial court did not, as appellant implies, admit in evidence the BOLO document itself. What was admitted was evidence that Decatur police generated a document listing defendant as a suspect. This contributed nothing to a question of flight, and is irrelevant to the question of guilt. It was potentially prejudicial and the State should have resisted the urge to insist on its admittance; but the evidence of appellant's guilt of the offense of armed robbery was so overwhelming that we find this testimony probably did not affect the verdict, and it provides no just cause to reverse it. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515); *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869); *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED MAY 27, 1993.

*John H. Tarpley*, for appellant.

*J. Tom Morgan III, District Attorney, Barbara B. Conroy, Gregory J. Giornelli, Robert M. Coker, Assistant District Attorneys*, for appellee.