for appellee.

## A93A1353. WOODS v. THE STATE.
(432 SE2d 249)

McMurray, Presiding Judge.

Defendant Woods appeals his conviction of two counts of burglary, one count of criminal damage to property in the second degree, and one count of attempted burglary. *Held*:

At trial, the State presented evidence that each of the crimes with which defendant was charged had occurred during the early morning hours of November 21, 1991. The only evidence that defendant had any part in the commission of the crimes was presented through the testimony of a juvenile accomplice who was apprehended when police investigated a suspicious vehicle. The juvenile's companion in the vehicle was neither apprehended nor identified.

" ' "Although a defendant may not be convicted on the uncorroborated testimony of an accomplice, OCGA § 24-4-8, slight evidence of a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony, and thus, support the verdict. (Cit.)" (Cit.)' *Sanchez v. State*, 203 Ga. App. 61, 62 (1) (416 SE2d 139) (1992). 'Sufficient corroboration may consist of either direct or circumstantial evidence which connects the defendant with the crime, tends to show his participation therein, and would justify an inference of the guilt of the accused independently of the testimony of the accomplice.' (Punctuation and citations omitted.) *Edwards v. State*, 200 Ga. App. 580, 584 (4) (408 SE2d 802) (1991)." *Tucker v. State*, 205 Ga. App. 683, 684 (423 SE2d 422). In the case sub judice, there was no evidence, however slight, which could be viewed as corroborating the accomplice's identification of defendant as his cohort in crime. Therefore, the trial court erred in denying defendant's motion for directed verdict of acquittal. *Hanson v. State*, 193 Ga. App. 246, 247 (2b) (387 SE2d 441); *Claybrooks v. State*, 189 Ga. App. 431 (375 SE2d 880); *McCauley v. State*, 177 Ga. App. 426 (339 SE2d 399).

*Judgment reversed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 2, 1993.

*Jack F. Witcher*, for appellant.
*George C. Turner, Jr., District Attorney, Donald N. Wilson, James E. Barker, Assistant District Attorneys*, for appellee.