A93A1610, A93A1611. GRACE v. THE STATE (two cases).
(437 SE2d 485)

JOHNSON, Judge.

A jury convicted James Lee Grace of aggravated battery on a peace officer, aggravated assault on a peace officer, and possession of a firearm by a convicted felon. His nephew, Allen Lee Grace, was convicted of aggravated battery on a peace officer and aggravated assault on a peace officer. James Grace appeals in Case No. A93A1610; Allen Grace appeals in Case No. A93A1611.

1. James Grace contends that the evidence was insufficient to support his conviction of aggravated assault on a peace officer. Viewing the evidence in a light most favorable to sustain the verdict, the pertinent facts are as follows: Police officers Willard Hinton and Ronald McMillan were on the lookout for three suspects involved in an armed robbery. The truck in which James Grace, Allen Grace and Willie Parris were riding matched the description of the vehicle allegedly involved in the robbery. The officers turned on their blue lights and the suspects pulled over. The driver of the truck, Willie Parris, got out of the vehicle and walked toward the patrol car. While Officer McMillan was speaking to Parris, Allen Grace got out of the truck but was told by the officers to get back into the truck. Officer Hinton walked over to the passenger side of the truck to watch the occupants.

When Hinton turned his head to look inside the truck, Allen Grace fired three shots, striking Hinton in the face. Hinton backed away from the truck, drew his weapon and began firing at the vehicle as James Grace drove the vehicle away.

James Grace argues that since he did not fire the gun, he cannot be guilty of aggravated assault. We disagree. "While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred." (Citations and punctuation omitted.) *Griggs v. State*, 208 Ga. App. 768, 769 (1) (432 SE2d 591) (1993); *Tucker v. State*, 205 Ga. App. 683, 684 (423 SE2d 422) (1992). Further, a person is a party to a crime and may be charged with and convicted of commission of the crime if he intentionally aids or abets in the commission of the crime. OCGA § 16-2-20. James Grace was seated in the pickup truck with Allen Grace immediately before, during and after Allen Grace shot the officer. Most importantly, James Grace drove the truck (and Allen Grace) away from the scene of the crime. This evidence establishes that James Grace was more than a mere bystander to the assault. We hold that a rational trier of fact could have found James Grace guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Montgomery v. State*, 208 Ga. App. 763 (432 SE2d 120) (1993).

2. Both appellants contend that the court erred in denying their motion for a directed verdict of acquittal on the charge of aggravated battery. "A person commits the offense of aggravated battery when he maliciously causes bodily harm to another by depriving him of a member of his body, by rendering a member of his body useless, or by seriously disfiguring his body or a member thereof." OCGA § 16-5-24 (a). The Graces argue that, contrary to the allegation in the indictment, Hinton was not seriously disfigured. "A verdict of acquittal may be directed where there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal." (Citations and punctuation omitted.) *McKissick v. State*, 263 Ga. 188, 189 (1) (429 SE2d 655) (1993). Here, Hinton testified that he has a "little dent" in his chin where the bullet entered. His surgeon testified that the bullet destroyed a portion of his carotid artery, shattered his mandible and hit his spine. The surgeon also testified that the scar on Hinton's chin would be permanent. Whether that scar constituted serious disfigurement was a jury question. *Barfield v. State*, 170 Ga. App. 796 (318 SE2d 219) (1984); *Thompson v. State*, 156 Ga. App. 1 (273 SE2d 894) (1980), cert. denied. The trial court did not err in refusing to direct a verdict of acquittal on the charge of aggravated battery.

3. Both appellants claim that the court erred in denying their motion for a change of venue. They argue that pre-trial publicity was so widespread that it was impossible for an impartial jury to be selected. The trial court reserved ruling on the motion until after voir dire was complete. After extensive questioning on the matter of pre-trial publicity, only one of forty-seven jurors was disqualified. In a motion for a change of venue, the petitioner must show (1) that the setting of the trial was inherently prejudicial or (2) that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible. *Milan v. State*, 207 Ga. App. 206, 207-208 (2) (427 SE2d 573) (1993). The Graces have not shown any way in which the setting of the trial was inherently prejudicial. Nor have they shown actual prejudice in the jury selection process. See *Tharpe v. State*, 262 Ga. 110 (416 SE2d 78) (1992). The decision to grant a change of venue lies within the discretion of the trial court, and its discretion will not be disturbed absent an abuse of discretion. *Nobles v. State*, 201 Ga. App. 483, 488-489 (11) (411 SE2d 294) (1991); *Watts v. State*, 200 Ga. App. 54, 56 (5) (406 SE2d 562) (1991). The trial court did not abuse its discretion in denying defendants' motion for a change of venue.

4. The Graces next claim that the trial court erred in denying them additional peremptory strikes. "When two or more defendants are tried jointly for a crime or offense, such defendants shall be entitled to the same number of strikes as a single defendant if tried separately. . . . In the event two or more defendants are tried jointly, the court, upon request of the defendants, *acting in its sole discretion*, may allow an equal number of additional strikes to the defendants, not to exceed five each, as the court shall deem necessary, to the ends that justice may prevail." (Emphasis supplied.) OCGA § 17-8-4. The Graces concede that the allowance of additional strikes is a matter within the sole discretion of the trial judge. They argue, however, that the judge abused his discretion by not explaining his refusal to allow additional strikes. The Graces cite no authority in support of this argument. Deference to the judge's sound discretion precludes a reviewing court from assuming, in the absence of record evidence, that the trial judge deprived defendants of their rights. See *Burleson v. State*, 259 Ga. 498, 501 (384 SE2d 659) (1989). We find no abuse of discretion.

5. Both appellants contend that the court erred in allowing the testimony of a witness whose name was not on the State's witness list since the prosecuting attorney did not state that the evidence was newly discovered in accordance with OCGA § 17-7-110. The witness' name was brought to the Graces' attention at a pre-trial hearing two weeks before the trial. At that hearing, a GBI agent gave testimony as to the identity of the witness and the scope of his knowledge. The

agent also testified that the witness would be able to testify at the trial. The trial court allowed the Graces' attorneys "whatever time is necessary" to interview the witness prior to him testifying at trial. "The purpose of OCGA § 17-7-110 is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had an opportunity to interview prior to trial." (Citation and punctuation omitted.) *Griffin v. State*, 183 Ga. App. 386, 388 (3) (358 SE2d 917) (1987). The purpose of the statute was not thwarted and the defendants were not harmed since the witness' name was brought to their attention weeks in advance and they were given an opportunity to interview the witness prior to his taking the stand. See generally *Bates v. State*, 202 Ga. App. 460 (414 SE2d 691) (1992); *Williams v. State*, 191 Ga. App. 913, 914 (3) (383 SE2d 344) (1989). Moreover, the proper remedy when a witness is called whose name was not on the list is to request a continuance, not the exclusion of the witness' testimony. *Wright v. State*, 167 Ga. App. 445 (1) (306 SE2d 428) (1983).

6. Allen Grace contends that the trial court erred in allowing the introduction of similar transaction evidence. Before evidence of independent offenses may be admitted into evidence, the State must show: (1) that it seeks to introduce evidence of the independent offense, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility; (2) that there is sufficient evidence establishing that the accused committed the independent act; and (3) a sufficient connection or similarity between the independent act and the charged crime, so that proof of the former tends to prove the latter. *Roos v. State*, 208 Ga. App. 506, 507 (1) (b) (430 SE2d 870) (1993). Here, the State introduced evidence that Allen Grace and the other defendants were involved in an aggravated battery, armed robbery and murder at a grocery store approximately one hour before the incidents for which they were charged here. As in this case, both victims in the grocery store incident were shot in the head. Testimony also indicated that the same weapon was used in both crimes. We find that the State made the showings required in *Roos* and that the trial court did not err in admitting evidence of the independent offenses.

7. Allen Grace contends that the trial court erred in not ordering a mistrial when the GBI agent testified that a pill bottle containing suspected crack cocaine was found at the crime scene. Because the evidence tended to show a general criminal propensity more than it tended to prove an issue in the case, it should not have been introduced. *Smith v. State*, 182 Ga. App. 740, 741 (1) (356 SE2d 723) (1987). However, immediately after the statement was made, the trial judge instructed the jury to totally disregard the comment and abso-

lutely remove it from their minds since there was no evidence as to who the suspected drug belonged to. The judge then asked the jurors if there was anyone who could not remove that statement from their minds, to which no one responded affirmatively. Given the court's curative instructions as well as the other evidence supporting the convictions, we find the statement harmless.

8. Allen Grace argues that the court erred in denying his motion for a directed verdict on the charge of aggravated assault upon Officer McMillan because there was no evidence of an assault upon that officer. McMillan testified that he was standing "a couple of feet" away from the truck when Allen Grace fired the shots and that he felt the flash and pressure from the shots. The gun did not have to be pointed at McMillan for there to have been an aggravated assault committed upon him. "It is *the reasonable apprehension of harm* by the victim of an assault by a firearm that establishes the crime of aggravated assault, not the assailant's intent to injure." (Emphasis in original; citations and punctuation omitted.) *Williams v. State*, 208 Ga. App. 12, 13 (430 SE2d 157) (1993). There was no error.

9. Allen Grace contends generally that the evidence was insufficient to support his convictions. Hinton identified Allen Grace as the person who fired three shots at him, striking him in the face and causing a permanent scar. McMillan testified that Allen Grace, the passenger in the truck, fired the gun and that the flash and pressure from the gun hit his face. This evidence, combined with the other evidence contained in the record, was sufficient for a rational trier of fact to find Allen Grace guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgments affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 1, 1993.

*Billy M. Grantham*, for James L. Grace.
*Ernie M. Sheffield*, for Allen L. Grace.
*J. Brown Moseley, District Attorney, Robert R. Auman, Assistant District Attorney*, for appellee.