## A96A2177. MOSIER v. THE STATE.
### (476 SE2d 842)

ELDRIDGE, Judge.

The state joined for trial two indictments charging Gary Mosier with separate offenses of burglary; he was convicted of both and appeals only his conviction under Indictment No. 94CR17,077 for the burglary of the residence of Carol and David Tate.

In his sole enumeration of error, appellant contends that the circumstantial evidence presented at trial which corroborated the testimony of his accomplice was insufficient to support the jury's guilty verdict. We do not agree.

A defendant may not be convicted on the uncorroborated testimony of an accomplice; however, only slight evidence of a defendant's identity and participation from an extraneous source is required to corroborate the accomplice's testimony and support the verdict. OCGA § 24-4-8; *Sanchez v. State*, 203 Ga. App. 61, 62 (416 SE2d 139) (1992). "Sufficient corroboration may consist of either direct or circumstantial evidence which connects the defendant with the crime, tends to show his participation therein, and would justify an inference of the guilt of the accused independently of the testimony of the accomplice. [Cits.]" (Punctuation omitted.) *Howard v. State*, 181 Ga. App. 187, 188 (351 SE2d 550) (1986).

Appellant's brother, James Mosier, testified at trial that Lee Roy Rose, the appellant, and he had been drinking heavily when they decided to burglarize a home. James Mosier testified that all three of them planned the burglary, and to that end, they borrowed from a friend a maroon/rust-colored Ford truck in which to accomplish the burglary. Appellant waited in the truck out in front of the Tate residence, while Rose and James Mosier broke in. The Tates' youngest son, David, was home at the time and interrupted the two men. Both James Mosier and Rose ran out of the house; in Rose's haste to get out, he fell and broke a television set that he had been carrying. Mosier and Rose jumped in the truck where appellant was waiting; the truck spun out in the yard, and the men drove off. Later, the goods that James Mosier and Rose had been able to take from the Tate home were sold, and the proceeds were split between the truck owner, James Mosier, Rose and appellant.

In the case sub judice, appellant's own testimony provided corroboration for his brother's testimony. See *Tucker v. State*, 205 Ga. App. 683 (423 SE2d 422) (1992). Appellant admitted that he had been drinking with his brother and Rose the previous night up until

the time of the Tate burglary; appellant testified that he was in the truck at the time of the burglary. Although appellant testified that he had "passed out" in the truck and was unaware of the others' activities at the Tate residence, David Tate saw appellant sitting up in the truck as the other two jumped in, and appellant later gave a statement in which he agreed with a detective that it had been funny when Rose tripped and fell as he ran from the Tate house. " 'While mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred.' [Cits.]" *Grace v. State*, 210 Ga. App. 718, 719 (437 SE2d 485) (1993).

Moreover, "[t]he sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence." (Punctuation omitted.) *Sanchez*, supra at 63. Reviewing the evidence in the light most favorable to the jury's verdict, this Court finds that the evidence was sufficient to authorize the jury's determination that appellant was guilty beyond a reasonable doubt as a party to the crime of burglary. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 4, 1996.

*William D. Hentz*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney*, for appellee.