A96A1304. IN THE INTEREST OF J. B., a child.
(477 SE2d 874)

JOHNSON, Judge.

After an adjudicatory hearing, J. B. was found to be delinquent by virtue of having committed acts which, if done by an adult, would have constituted motor vehicle theft and burglary. J. B. appeals.

1. J. B. complains that the juvenile court's finding that he committed these acts is against the weight of the evidence because it was based on the uncorroborated testimony of an accomplice. We hold that there is sufficient evidence in the record to corroborate the testimony of J. B.'s accomplice and thus to support the juvenile court's adjudication of delinquency.

J. B. correctly points out that one may not be convicted based on the uncorroborated testimony of an accomplice. See OCGA § 24-4-8; *In the Interest of J. H. M.*, 202 Ga. App. 79 (413 SE2d 515) (1991). However, *slight* evidence from an extraneous source identifying the accused as a participant in the criminal act is all that is required to sufficiently corroborate the testimony of the accomplice even if the corroborating evidence is not sufficient standing alone to warrant a conviction. See *Martin v. State*, 209 Ga. App. 720 (434 SE2d 534) (1993). The evidence corroborating the accomplice's testimony must be independent of the accomplice's testimony and must directly connect the accused to the crime or lead to the inference that he is guilty. See *Allen v. State*, 215 Ga. 455 (111 SE2d 70) (1959). There was such evidence in this case.

The accomplice, Jamie Nelson, testified as follows: While he and J. B. waited outside of T & B Investments, J. B.'s brother Dwayne removed an air conditioning unit from a window and entered the office. J. B. knew that Dwayne entered the building. Dwayne removed car keys from an office desk and brought them outside. Nelson then drove a Chevrolet Lumina off of T & B's lot, and Dwayne and J. B. drove a Chevrolet Cavalier away. A Mazda truck was also taken, though Nelson did not specify who drove it. The Cavalier sustained a flat tire, and when Nelson saw J. B. and Dwayne the next morning, they asked him to drive them back to the Southern Bell parking lot where they left the car. Nelson and J. B. returned to the Southern Bell parking lot in the Lumina, but did not move the disabled Cavalier. With J. B. still in the Lumina with him, Nelson picked up Dwayne. The three drove to another location where Dwayne got out of the car and, in J. B.'s presence, took a Nissan truck. J. B. then rode in the Nissan. J. B. was also with Nelson when Nelson took an Oldsmobile Cutlass. According to Nelson, all three persons devised the plan to commit the thefts.

Although many of the details given by Nelson were not corroborated by the testimony of other witnesses, some of them were. In this regard, it is helpful to consider testimony of other witnesses which directly links J. B. to the burglary and car thefts or leads to an inference that he participated in the commission of the offenses.

(a) Grady Toney, an investigator with the Laurens County Sheriff's Department, testified that the cars were reported stolen on November 11 or 12, 1995, and that the blue Lumina was recovered at an apartment complex at 908 or 809 South Jefferson. Toney stated that after being read his *Miranda* rights, J. B. denied taking anything but "indicated he had been a party to what had taken place," and admitted riding around in the blue Lumina. Toney also testified that "he" admitted being present at T & B Investments, although it is not at all clear from the transcript whether the pronoun "he" was a

reference to J. B. or to Nelson.

(b) Allene Lowe testified that she witnessed J. B., to whom she is related, get out of the driver's side of a blue car at 908 South Jefferson on the morning of November 13, 1995. No one else was in the car with him. J. B. asked Lowe if she had a spare tire. When Lowe questioned why he needed one, he told her: "I am driving me a police car."

(c) Flanders Williamson, an investigator with the City of Dublin, testified that after J. B. was read his *Miranda* rights, J. B. told Williamson how he and the others had used a bronze Nissan truck to push the Lumina out of a ditch. J. B. told Williamson where the truck was parked before they used it and where they left it. J. B. admitted to Williamson that he knew about the auto thefts.

(d) Jack Dixon, who reported the Nissan truck stolen on November 11 or 12, testified that on the morning of November 13, he noticed a "blue Cavalier Lumina" with flat tires parked on the Southern Bell parking lot, and that two young males got in it and drove away.

(e) J. B. testified that he rode in the Lumina but did not know it was stolen until Nelson told him, at which point he and Dwayne immediately got out of the car at a food store and walked home. He admitted that he was at 908 South Jefferson, that the Lumina was there too, and that he asked Lowe for a spare tire. However, he stated that he only asked for a spare tire because Lowe's son told him to do so. J. B. denied any other involvement in the offenses.

Thus, Nelson's testimony that J. B. participated in the burglary and thefts was corroborated by testimony from other witnesses that: J. B. got out of a blue car at an apartment complex at 908 South Jefferson, where the stolen blue Lumina was recovered; J. B. was in sole possession of and possibly drove the blue Lumina; J. B. asked a relative for a spare tire when the stolen Cavalier had a flat tire; J. B. rode in the Nissan truck and knew where it was parked before and after its theft; and J. B. knew about the car thefts.

"It is not required that the corroboration of the testimony given by an accomplice shall of itself be sufficient to warrant a verdict of guilty, or that the testimony of the accomplice be corroborated in every particular. The amount of corroborative extraneous evidence necessary to connect the accused with the commission of the offense lies peculiarly within the province of the [factfinder]." (Citations and punctuation omitted.) *Belcher v. State*, 207 Ga. App. 117, 118 (2) (427 SE2d 88) (1993). "If some evidence of corroboration exists, this court will uphold the verdict." (Citation and punctuation omitted.) *Hayes v. State*, 205 Ga. App. 820, 822 (2) (423 SE2d 729) (1992). In this case, the evidence corroborating the accomplice's testimony, though not overwhelming, is sufficient to support the adjudication of delinquency.

2. J. B. also contends that he was denied effective assistance of

counsel because his attorney failed to object to testimony concerning statements Jamie Nelson made to police when Nelson, an adult accomplice against whom charges were pending in superior court, was unavailable to testify. J. B. asserts this ineffectiveness claim for the first time on appeal. "Ordinarily, this requires that the case be remanded to the [juvenile] court for an evidentiary hearing on the asserted [error]. However, remand is not necessary when it appears as a matter of law that the appellant cannot satisfy the two-prong test to establish ineffectiveness of counsel. It requires a showing that (1) his attorney's representation in specified instances fell below an objective standard of reasonableness *and* (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Citations and punctuation omitted; emphasis in original.) *Johnson v. State*, 214 Ga. App. 404, 405 (1) (447 SE2d 711) (1994). It is clear that J. B. cannot satisfy the second part of the test.

"Normally, the confession of a co-defendant cannot be admitted against another defendant at a joint trial. *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476); OCGA § 24-3-52. However, the rule applies only where the co-defendant does not testify and is not available for cross-examination. Id." *Akins v. State*, 173 Ga. App. 797, 798 (2) (328 SE2d 413) (1985). Although Nelson was not expected to testify, while the hearing was in progress the state requested and received an order compelling him to testify. See OCGA § 24-9-28. Nelson subsequently testified for the state and was cross-examined by J. B.'s counsel about his participation in the offenses. Thus, the *Bruton* rule is inapplicable and references to Nelson's statements were admissible.

We realize that at the time the witnesses testified about Nelson's statements, Nelson was believed to be unavailable. Thus, defense counsel should have objected when the testimony was offered, and the failure to do so does raise the question of his effectiveness. However, counsel's failure to object clearly was not harmful because Nelson did eventually testify at the hearing and was subject to cross-examination. Inasmuch as the testimony objected to on appeal was merely cumulative of Nelson's testimony, there is no reasonable probability that, but for counsel's failure to object to this testimony, the result of the proceeding would have been different.

*Judgment affirmed. Beasley, C. J., Birdsong, P. J., Pope, P. J., Andrews, Blackburn, Smith and Ruffin, JJ., concur. McMurray, P. J., dissents.*

McMURRAY, Presiding Judge, dissenting.

" ' " 'Although a defendant may not be convicted on the uncorroborated testimony of an accomplice, OCGA § 24-4-8, slight evidence of

a defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony, and thus, support the verdict. (Cit.)' (Cit.)" *Sanchez v. State*, 203 Ga. App. 61, 62 (1) (416 SE2d 139) (1992). "Sufficient corroboration may consist of either direct or circumstantial evidence which connects the defendant with the crime, tends to show his participation therein, and would justify an inference of the guilt of the accused independently of the testimony of the accomplice." (Punctuation and citations omitted.) *Edwards v. State*, 200 Ga. App. 580, 584 (4) (408 SE2d 802) (1991).' *Tucker v. State*, 205 Ga. App. 683, 684 (423 SE2d 422). In the case sub judice, there was no evidence, however slight, which could be viewed as corroborating the accomplice's identification of defendant as his cohort in crime. Therefore, the trial court erred in denying defendant's motion for directed verdict of acquittal. *Hanson v. State*, 193 Ga. App. 246, 247 (2b) (387 SE2d 441); *Claybrooks v. State*, 189 Ga. App. 431 (375 SE2d 880); *McCauley v. State*, 177 Ga. App. 426 (339 SE2d 399)." *Woods v. State*, 208 Ga. App. 810 (432 SE2d 249). Since OCGA § 24-4-8 applies to juvenile proceedings, *In the Interest of J. H. M.*, 202 Ga. App. 79, 81 (413 SE2d 515), the adjudication of delinquency in the case sub judice was not authorized by the evidence.

There was no evidence, apart from the testimony of the alleged accomplice, that J. B. was present at the scene of any of the alleged delinquent acts. The majority opinion reflects a different reading of the testimony since the transcript shows that it was the alleged accomplice, and not J. B., who gave a statement acknowledging his presence at the scene of the T & B Investments burglary.

Furthermore, the remaining evidence noted by the majority as contributing to the satisfaction of the corroboration requirement fails in any way to show that J. B. participated or had any knowledge of the delinquent acts at issue. The mere presence of J. B. as a passenger in one or more of the stolen vehicles proves nothing since there is no suggestion that he drove or otherwise exercised any dominion or control over the vehicles. Also, there was no evidence showing that J. B. should have been suspicious of the explanations given by the alleged accomplice concerning the alleged accomplice's possession of the vehicles.

Also, the testimony of Allene Lowe was without value since it showed only the proximity of J. B. to a vehicle similar to one of the stolen vehicles. The relevance of a statement by J. B. to this witness that he was driving a police car is not established in the record. None of the stolen vehicles was a police car, and none had any markings or lights such as typically found on a police car.

Acknowledging the slight level of evidence necessary to corroborate the testimony of an accomplice, I nonetheless maintain that the

State's burden in this regard has not been met in the case sub judice. Therefore, I respectfully dissent.

DECIDED NOVEMBER 1, 1996.

*Carlton K. Nelson III*, for appellant.
*Ralph M. Walke, District Attorney, Jeffrey J. Connor, Assistant District Attorney*, for appellee.