A02A1442. SPRATLING v. THE STATE.
(565 SE2d 839)

ELDRIDGE, Judge.

A Clayton County jury found Kenneth Spratling guilty of criminal use of an article with an altered identification mark (three counts), carrying a concealed weapon (three counts), possession of a firearm during the commission of a crime (one count), and misdemeanor possession of marijuana (one count), which charges arose when an investigative stop and subsequent search of the car in which Spratling was a passenger revealed a hidden cache of automatic weapons, serial numbers removed, and a baggie of marijuana.[1] He appeals and, in his sole enumeration of error, claims that the evidence was insufficient to support his conviction. We disagree and affirm.

---

[1] The jury acquitted Spratling on four counts of aggravated assault and four counts of terroristic threats.

Spratling and his two co-defendants, Quinton Thurman and Daniel Favors, were stopped in a dark gray Volvo pursuant to an investigation related to an alleged aggravated assault. Appellant Spratling was sitting in the front passenger seat, Thurman was driving, and Favors was sitting in the rear. At the time the investigating officer initiated the stop, he could see "[a]ll three subjects start[ ] moving frantically inside." The officer testified that, "All three of them were turned to the sides, ducking underneath the seats, it's indicative, in my experience, of either hiding guns, drugs, usually it's somebody up to no good that's got something in the car they don't want me to know about." Upon the officer's approach, "All three were very nervous, very anxious." When pressed further, the officer explained, "Theirs went a little bit beyond what the, most normal nerves of the average traffic stops I do, people are shaken, their speech is really broken up from being nervous. These guys were more apprehensive, very, I don't want to say combative, but maybe uncooperative would be a better word." Thereafter, a firearm was seen in plain view under the front passenger seat, where appellant Spratling was sitting; a search of the car was conducted. Three Uzi-type 9 millimeter automatic weapons, along with four automatic handguns, were found hidden in various locations in the cab of the Volvo: under the driver's seat, under the passenger's seat, under a seat cushion in the rear seat, and in the rear pocket of the front passenger seat. The identifying serial number on each weapon had been removed. Over 300 bullets were recovered from the weapons, and a case of 9 millimeter ammunition was seized from the trunk of the car. An additional 9 millimeter clip was found in the front seat console, along with a plastic bag containing 18 small bags of marijuana.

At trial, co-defendant Thurman testified in his own defense. During the course of his testimony, he admitted that he owned two of the weapons found hidden in his car; he stated that appellant Spratling owned the other five weapons and the marijuana. No evidence was introduced in contradiction. *Held*:

Although OCGA § 24-4-8 provides that the uncorroborated testimony of an accomplice is insufficient to support a felony conviction, slight evidence of corroboration will satisfy the statute. The corroborating evidence may be circumstantial.[2] And "[w]hile mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred."[3] The suffi-

---

[2] *Leonard v. State*, 228 Ga. App. 792, 797 (492 SE2d 747) (1997).
[3] (Citations and punctuation omitted.) *Mosier v. State*, 223 Ga. App. 75, 76 (476 SE2d 842) (1996).

ciency of corroborating evidence should be peculiarly a matter for the jury to determine.[4]

In this case, the testimony of Spratling's accomplice was corroborated by testimony from the investigating officer that Spratling, as well as the co-defendants, was attempting to hide weapons and contraband in the car; indeed, the location of the various hidden weapons throughout the cab of the vehicle supports this testimony. In addition, one weapon was located at Spratling's feet, and the marijuana discovered in the front seat console was within reach of Spratling. Spratling's "very nervous, very anxious" behavior also lends support to the conclusion that he was involved in the crime. "If the verdict is founded on slight evidence of corroboration connecting a defendant with the crime, the verdict is legally sufficient."[5]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 22, 2002.

*Brown & Gill, Angela Y. Brown*, for appellant.
*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.

---

[4] *Givens v. State*, 227 Ga. App. 861, 862 (490 SE2d 530) (1997).
[5] (Citation and punctuation omitted.) *Smith v. State*, 222 Ga. App. 366, 367 (2) (474 SE2d 272) (1996).
[1] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[2] (Citation and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268, 269 (2) (555 SE2d 908) (2001).