### 67900. McCLENDON v. THE STATE.

BIRDSONG, Judge.
Moses Dixon McClendon, Jr., alias Chris Moore, was convicted of armed robbery and sentenced to twenty years, fifteen to serve followed by five on probation. He brings this appeal enumerating three related errors. *Held*:

1. There is no dispute that a clothing store was held up by two men using a pistol and nine or ten men's suits taken. One of the robbers has never been identified. Through a unique string of circumstances, McClendon was seen and identified by two of the store employees, resulting in his arrest and conviction. The only dispute at trial was the question of identity, i.e., whether the witnesses were mistaken as to McClendon's presence at the time of the robbery. This was stoutly disputed but resulted in the jury rejecting the appellant's defense and an acceptance by the jury that McClendon was one of the robbers. There is persuasive evidence to support that finding beyond a reasonable doubt.

2. The three enumerations of error find their genesis in the following trial occurrence. As noted in the style of the case, McClendon was indicted under that name as well as an alias "Chris Moore." During its cross-examination of appellant, the state asked McClendon if he had ever identified himself to a person standing in the courtroom as Chris Moore. Appellant admitted that he had. He was asked if the use of that name was untruthful and he further admitted the name was fictitious. In closing argument the state referred to its duty to identify appellant as McClendon or Moore and the jury's responsibility to conclude that appellant was properly identified by one or both of those names.

Appellant objected to the interjection of the name Chris Moore into the trial process, the use of a spectator (apparently an assistant state's attorney) to establish McClendon's admission or denial of the use of the name Moore, and the final reference by the state's attorney to its duty to establish the use of the name Moore. The basis of ap-

pellant's objection was that the use of the alias illegally placed appellant's character into evidence.

We find no merit in these enumerations. The record is totally silent as to the identity of the person in the courtroom. Thus, there is no merit to an argument that the jury would know from the fact that the person was a state prosecutor that McClendon apparently had a criminal record. As far as the record reflects, the identity of the person and appellant's prior conduct were never mentioned. Thus, we conclude the argument is based upon pure speculation.

Moreover, it is not impermissible to list an alias in an indictment, and the trial court will not strike the averment on grounds that it might place the accused's character into evidence, for that is not the result of such an averment. *Radford v. State*, 140 Ga. App. 195 (1) (230 SE2d 345). Moreover, it is perfectly proper to elicit testimony as to the use of the alias. *Haas v. State*, 146 Ga. App. 729, 732 (5) (247 SE2d 507); *Rickerson v. State*, 142 Ga. App. 238 (2) (235 SE2d 655). Additionally, even if we were to assume error in the admission of the identity as Moore, appellant did not make a motion for mistrial until long after the admission of the evidence to prove identity. When a motion for mistrial is not made until the conclusion of the evidence, it is not timely made and will be considered as having been waived because of the delay in making the motion. *Favors v. State*, 145 Ga. App. 864, 867 (4) (244 SE2d 902).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED APRIL 9, 1984 — REHEARING DENIED MAY 3, 1984.

*Wade M. Crumbley*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney*, for appellee.