## 71661. BENNETT v. THE STATE.
(340 SE2d 273)

Birdsong, Presiding Judge.

Willie James Bennett was convicted of rape, aggravated sodomy and interference with an officer (i.e., resisting arrest). He was sentenced to serve 12 months on the interference charge and 20 years each on the rape and aggravated sodomy offenses, all to be served concurrently. Bennett brings this appeal enumerating two asserted errors. *Held*:

1. The first enumeration of error questions the sufficiency of the evidence to support the verdicts. Bennett freely admitted committing sodomy, an act of sexual relations, and entering into a fight with the arresting officer. Thus the only real question as to the two felony counts was the issue of consent and as to the misdemeanor whether Bennett was mistaken as to the identity and capacity of the arresting officer.

Appellant's contentions were sharply contested by the state and thus a clear issue of fact was raised for the jury's reconciliation. The jury elected to reject the version offered by the appellant and accepted that offered by the state. In substance, what Bennett asks this court to do is to re-weigh the evidence and find that the appellant's version is more credible. Appellant recognizes that this court is not a trier of fact but maintains that blind adherence to a rule that affirms the verdict of a jury where there is evidence sufficient to convince a reasonable trier of fact beyond a reasonable doubt but declines to consider that evidence in light of credible and convincing evidence to the contrary, denies the defendant of a fair consideration of all the evidence. In whatever manner appellant states the rule, we are not authorized to re-weigh the evidence and substitute our judgment for that of the trier of fact and thus intrude into that revered ground reserved for a jury of peers. It is to hold as sanctified that ground, that the rule is indeed rigid and steadfastly imposed that an appellate court will only look to the sufficiency of the evidence to support the findings of guilt and sentence. *Bethay v. State*, 235 Ga. 371 (219 SE2d 743); *Watts v. State*, 239 Ga. 725, 727 (1) (238 SE2d 894). Though the verdict in this case was not demanded, it is supported by evidence sufficient to convince a reasonable trier of fact beyond reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). This enumeration lacks merit.

2. In his second enumeration of error, Bennett urges the trial court erred in refusing a motion for mistrial based upon the alleged introduction by the state of Bennett's past criminal misconduct. We are wholly unpersuaded by this enumeration. As earlier indicated the only real issue in this case was a question of consent. The victim during her testimony stated that after the rape and sodomy had oc-

curred, Bennett was taking her back home. (The evidence showed the victim and appellant were friends through the victim's husband.) The victim testified that Bennett was trying to downplay what had occurred and convince the victim not to tell her husband. She kept pleading with him to take her home and she would not tell. She then stated words to the effect that Bennett complained she was only trying to trick him and that she would try to "put him back in jail."

While it is true that Bennett had prior convictions of burglary, murder and armed robbery, none of these acts of prior misconduct was presented to the jury. The trial court denied Bennett's motion for a mistrial concluding that the comment of Bennett to his victim was an ongoing part of the crimes of rape and sodomy in that he was seeking to silence any report of the crimes.

Regardless whether this occurrence was a part of the res gestae or important evidence relating to the issue of consent, the evidence was admissible and relevant to the issues confronting the jury. Moreover, the mere statement that Bennett may have been in a jail for some undisclosed reason or indeterminate period of time does not place his character into evidence. See *Tanner v. State*, 228 Ga. 829, 832 (188 SE2d 512). Evidence which is relevant and responsive but which minimally places the character of the defendant into issue, is nevertheless admissible where the relevance of the testimony outweighs any prejudice it may cause. *Payne v. State*, 233 Ga. 294, 312 (210 SE2d 775); *Parker v. State*, 145 Ga. App. 205, 208 (4) (243 SE2d 580).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 3, 1986.

*John D. Allen*, for appellant.
*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney*, for appellee.