## 72941. SIMS v. THE STATE.
(349 SE2d 783)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which charged him with one count of burglary and one count of rape. He was found guilty on each count, and the trial court entered judgments of conviction and sentences on the jury's verdict. Appellant appeals from the denial of his motion for a new trial.

1. Appellant enumerates the general grounds. The State adduced testimony showing that, after breaking into the victim's home, appellant attacked and beat her. The victim identified appellant and testified that he had also raped her. There was sufficient evidence from which a rational trior of fact could find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Bennett v. State,* 177 Ga. App. 643 (340 SE2d 273) (1986).

2. Because appellant could not be located at his last known address, a significant period of time elapsed between issuance of the warrants and appellant's actual arrest. In explaining this delay in his opening statement, the district attorney remarked that the eventual arrest had occurred when the outstanding warrants for burglary and rape had been discovered in a computer check after appellant "was picked up on a matter. . . ." Defense counsel moved for a mistrial, urging that the district attorney's remark had improperly placed appellant's character in issue. The trial court's denial of appellant's mo-

tion is enumerated as error.

Assuming without deciding that the district attorney's comment may have placed appellant's character in issue, see *Wright v. State*, 253 Ga. 1, 4 (3) (316 SE2d 445) (1984), a review of the context in which it was made shows that the comment was also an explanation of the circumstances surrounding appellant's arrest on the charges for which he was being tried. Evidence as to "where and when" an accused was arrested is "admissible to be considered by the jury for what [it is] worth. [Cit.]" *Herron v. State*, 155 Ga. App. 791, 794 (5) (272 SE2d 756) (1980). "[W]here evidence is relevant for the purpose of showing the circumstances of the arrest, it will not be excluded because it incidentally shows the commission of another crime." *Newman v. State*, 239 Ga. 329, 330 (236 SE2d 673) (1977). In fact, the instant comment did not even show "the commission of another crime." The challenged statement merely revealed that appellant had eventually been arrested for burglary and rape after having been "picked up on a matter. . . ." "Where evidence is relevant and material, it is not objectionable merely because it is prejudicial or because its effect is incidentally to put the defendant's character in issue. [Cits.]" *Bennefield v. State*, 86 Ga. App. 285, 288 (71 SE2d 760) (1952). There was no error.

3. A police officer who had investigated the crimes was a witness for the State. In the course of cross-examination of the officer, defense counsel asked how appellant's address had been discovered. The officer responded that he had obtained the address from appellant's "rap sheet the last time he was incarcerated." As the result of the "rap sheet" response, appellant moved for a mistrial, urging that it had impermissibly placed his character into issue. The trial court's denial of that motion is enumerated as error.

"Where counsel elicits testimony unfavorable to his client, he will not be heard to object to it. [Cit.]" *Cole v. State*, 156 Ga. App. 6, 7 (2) (274 SE2d 64) (1980). Here, " '[c]ounsel asked a question which left the field wide open for a reply such as was given and . . . can not complain of the outcome. [Cit.]' " *Stancil v. State*, 157 Ga. App. 189 (1) (276 SE2d 871) (1981). The officer's answer was responsive to defense counsel's question and there was no error in denying the motion for mistrial.

4. Appellant's remaining enumeration of error is controlled adversely to him by the holding in Division 2 of this opinion.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED OCTOBER 14, 1986.

*L. James Weil, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin*

H. Oehlert III, A. Thomas Jones, Assistant District Attorneys, for appellee.