## A89A1314. POOLE v. THE STATE.
### (387 SE2d 48)

Pope, Judge.

Defendant was convicted of armed robbery and appeals. *Held:*

1. We have examined defendant's first enumeration of error concerning the admission of testimony that he was seen in the possession of a knife approximately two hours after the commission of the crime for which he was charged and find it to be without merit.

2. Defendant also argues that the trial court erred in allowing the investigating officer to testify to certain statements made by two juveniles the officer interviewed in investigating the crime. Specifically, defendant argues that under the holdings in *Teague v. State,* 252 Ga. 534 (314 SE2d 910) (1984) and *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982), and contrary to the ruling of the trial court, the evidence objected to was not admissible under OCGA § 24-3-2 to explain the conduct of the officer. The State argues that the evidence was admissible in this case because the defendant had raised the issue of why the investigating officer had interviewed certain witnesses who testified on behalf of the State, and the statements of the two juveniles were part of the sequence of events that lead to the identification and questioning of these witnesses.

" 'When, in a legal investigation, the conduct and motives of the actor are matter concerning which the truth must be found . . ., then information . . . known to the actor (is) admissible to explain the actor's conduct. (Cits.) But where the conduct and motives of the actor are not matters concerning which the truth must be found . . ., then the information, etc., on which he or she acted shall not be admissible under (OCGA § 24-3-2.)' *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982). '(O)nly in rare instances will the "conduct" of an investigating officer need to be "explained"; as in practically every case, the motive, intent, or state of mind of such an officer will not be "matters concerning which the truth must be found." At heart, a criminal prosecution is designed to find the truth of what a defendant did, and, on occasion, of why he did it. It is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something.' *Teague v. State,* 252 Ga. 534, 536 (314 SE2d 910) (1984)." *Black v. State,* 190 Ga. App. 137 (378 SE2d 342) (1989).

Pretermitting the question of whether the defendant did in fact

attempt to show that the officer acted in an arbitrary manner in questioning certain witnesses and pretermitting whether the State then had the right to introduce testimony to show why the officer questioned these witnesses, we find no reversible error here. Our review of the testimony of the officer concerning the statements made to him by the juvenile shows that the statements were not inculpatory as to the defendant. Moreover, the witnesses who did implicate defendant as the perpetrator of the offense with which he was charged were available to and did testify at trial and the officer did not testify as to the substance of these inculpatory statements. Consequently any error in the admission of the complained of evidence was harmless. See, e.g., *Harrison v. State*, 187 Ga. App. 268 (2) (370 SE2d 7) (1988).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 6, 1989.

*Carl J. Wilson, Jr.*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.