A93A1158. AHMED AL-BETI v. THE STATE.
(436 SE2d 50)

ANDREWS, Judge.

Ahmed Al-Beti was convicted by a jury of five counts of child molestation for sexual acts committed against his ten-year-old step-daughter.

1. Appellant claims the evidence was insufficient to support the convictions. The victim, who lived with her mother and appellant, gave testimony describing sexual acts committed against her as charged in the indictment. The State also produced testimony from a psychologist specializing in child sexual abuse cases, and from a police investigator in the sex crimes unit, who both recounted their interviews with the victim in which the child described in detail the acts of molestation charged in the indictment. Although appellant denied the charges, and the victim's mother testified that the child had denied being molested, "the credibility of witnesses and the resolution of such conflicts are for the jury. On appeal of a conviction based on a jury verdict, this court resolves all conflicts in favor of the verdict and examines the evidence in a light most favorable to that verdict." (Citations and punctuation omitted.) *Self v. State,* 208 Ga. App. 447, 448 (3) (431 SE2d 126) (1993). The evidence was sufficient under the standard of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant claims reversible error occurred because the prosecutor failed to provide him with a complete copy of his in-custody statement as required by OCGA § 17-7-210. The record reflects that in response to appellant's request pursuant to OCGA § 17-7-210, the State provided appellant with his statement as set out in the investigating officer's report, which indicated appellant said "he used to have feelings for his daughter, but now he doesn't have any feelings for her what so ever." At trial, the investigating officer testified on direct examination that appellant said: "He used to have feelings for his daughter, but he doesn't have any feelings for her anymore *since she told.*" The defense made no objection to the added phrase, but instead cross-examined the investigator in the presence of the jury as to why his oral testimony regarding appellant's statement added "since she told" to the written summary of appellant's statement. Under defense cross-examination, the investigator stated that even though "since she told" was not included in his written summary of the statement, his oral testimony was what he remembered appellant actually stated. He testified that the added phrase appeared to have

been deleted from the report he prepared from his notes, and admitted that his memory was fresher when he wrote the report.

There is no evidence that the State suppressed or failed to provide any portion of the appellant's statement of which it was aware. Nevertheless, OCGA § 17-7-210 will be applied to exclude an incriminating or inculpatory portion of such statement when not provided upon proper request even though the prosecutor may not have been aware of it. *Talley v. State*, 251 Ga. 42 (302 SE2d 355) (1983). After the defense cross-examined the investigator regarding the statement, appellant moved for a mistrial, which the trial court denied as untimely. Assuming the deleted phrase was inculpatory on its face and within the purview of OCGA § 17-7-210, the defense, without objection, cross-examined the investigator in an effort to discredit his recall of the appellant's statement, and later moved for a mistrial. The failure to object or move for a mistrial when the testimony was introduced was a waiver of this claim. *Huguley v. State*, 253 Ga. 709, 710 (324 SE2d 729) (1985); *Johnson v. State*, 191 Ga. App. 845 (383 SE2d 346) (1989). Moreover, even if there had been no waiver, and the added phrase should have been excluded, it was highly probable, based on the present record, that any such error did not contribute to the verdict. *Wallin v. State*, 248 Ga. 29, 32 (279 SE2d 687) (1981); *Talley*, supra at 43. Appellant's claim that he was denied a *Jackson-Denno* hearing on the statement was similarly waived by the failure to timely object, move for a mistrial, or request such a hearing. *Smith v. State*, 258 Ga. 676, 678-679 (373 SE2d 200) (1988).

3. Appellant contends the State withheld exculpatory evidence he sought pursuant to a pre-trial written request under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). During the State's case-in-chief the trial court required the State to give the defense the investigator's complete report, which revealed to the defense for the first time that the victim had initially told the investigator that the appellant "never touched me sexually." After discovering this statement by the victim in the report, defense counsel moved for a mistrial on the basis that the prosecutor had suppressed exculpatory evidence in violation of *Brady*. At the time this evidence was discovered, the investigator was still under cross-examination by defense counsel, and the trial court ruled that the defense would be allowed to recall the victim for further cross-examination.

"Brady is not violated when the Brady material is available to defendants during trial." (Citations and punctuation omitted.) *Castell v. State*, 250 Ga. 776, 781 (301 SE2d 234) (1983). Since the exculpatory statement was provided during the trial, and the defense had the opportunity to confront the witnesses with this evidence, appellant was not deprived a fair trial by the delayed disclosure. Id. at 781. Moreover, the record makes clear that after colloquy with the trial

judge concerning further cross-examination of the victim, defense counsel abandoned the mistrial motion.

4. In his fourth enumeration of error, appellant contends that the failure of the State to provide the defense with requested *Brady* material prior to trial, impaired defense counsel's ability to prepare for trial, and, as a result, infringed his Sixth Amendment right to confront and cross-examine the witnesses against him, and denied him a fair trial. Appellant does not claim that trial counsel was ineffective. The discovery of the victim's exculpatory statement during the trial, as discussed in Division 3, did not impair appellant's rights under the Confrontation Clause of the Sixth Amendment, or deprive him of a fair trial.

5. There was no error in the trial court's refusal to grant defense counsel's motions for a mistrial. See Divisions 2 and 3.

6. Lastly, appellant claims the trial court erred in denying his motion for a new trial based on newly discovered evidence that after the trial the victim recanted her testimony against the appellant. Evidence that the victim claimed after the trial that she lied when she testified that appellant molested her is not a ground for a new trial on the basis of newly discovered evidence. *Karvonen v. State*, 205 Ga. App. 852 (424 SE2d 47) (1992).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 17, 1993 —
RECONSIDERATION DISMISSED NOVEMBER 22, 1993.

*Tony L. Axam*, for appellant.
*Daniel J. Porter, District Attorney, Brenda J. Bernstein, Assistant District Attorney*, for appellee.