A96A0212. PEMBERTON v. THE STATE.
(469 SE2d 233)

BLACKBURN, Judge.

Aaron Scott Pemberton appeals his conviction of armed robbery. On appeal, Pemberton contends the trial court erred in failing to

grant his motion to suppress and his motion for mistrial.

1. By his motion to suppress, Pemberton sought to exclude the pellet/BB gun used in the robbery from evidence. Pemberton argued that his confession, which led to the discovery of the pellet/BB gun, was involuntary. The trial court denied Pemberton's motion finding that his confession was voluntary within the meaning of OCGA § 24-3-50.

At the hearing on Pemberton's motion to suppress, Detective Hill testified that he advised Pemberton of his *Miranda* rights and Pemberton signed a waiver of rights form. Thereafter, Pemberton "mentioned the possibility of an attorney," to which Detective Hill responded that "if that's what he wanted to do, we would in no means impede that." Detective Hill testified that a moment of silence followed the mention of an attorney and then Pemberton freely and voluntarily gave his confession. Detective Hill testified that he did not make any promises to Pemberton except that he could inform the district attorney that Pemberton cooperated.

Pemberton's version of his interrogation differs from Detective Hill's. Pemberton testified that after he signed the waiver of rights form, he asked to speak to an attorney. He further testified that upon his request for an attorney the detective threatened to tell the district attorney that he did not cooperate. Pemberton testified that the detective told him that if he did cooperate, he would try to get him probation with the district attorney. Pemberton testified that he gave his statement because of the detective's promise regarding the district attorney.

In the trial court's order denying Pemberton's motion to suppress, the court specifically found that Detective Hill did not threaten Pemberton into cooperating after Pemberton mentioned the possibility of a lawyer. The trial court further found that "[e]ven if the accused made an unequivocal request for counsel (which he apparently did not) the police may continue talking with him if the accused initiates further communication." Based on the conflicting evidence before us, we cannot say that the trial court's findings were clearly erroneous. "Unless clearly erroneous, a trial court's findings on factual determinations and credibility relating to admissibility of a confession will be upheld on appeal." *Autry v. State*, 210 Ga. App. 150, 151 (435 SE2d 512) (1993). See also *Bright v. State*, 265 Ga. 265, 280 (5) (c) (455 SE2d 37) (1995) (if accused initiates further conversation with police he may be questioned without counsel present). Therefore, the trial court did not err in denying Pemberton's motion to suppress.

2. In Pemberton's second enumeration of error he contends the trial court erred by failing to grant his motion for mistrial after his character was improperly introduced during trial by a State's witness.

During the trial, the prosecutor asked Detective Hill what he did

after he confirmed a tipster's information regarding who had committed the robbery. Detective Hill testified that the information led him to suspect Pemberton so he checked for Pemberton's address on the computer and found out that Pemberton was in custody in the Clayton County Jail. Pemberton's counsel moved for a mistrial. The trial court denied the motion but instructed the jury that the statement was irrelevant to the trial and that they were not to consider it during their deliberations. The trial court further instructed that they were to draw no inferences from the statement and that the defendant was presumed to have good character. No juror responded to the trial court's question regarding their ability to disregard the statement.

"Where prejudicial matters have been presented to the jury, the trial court, in its discretion, may determine whether a mistrial is required or whether the giving of cautionary instructions to the jury is an adequate remedial device. The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." (Punctuation omitted.) *Bess v. State*, 207 Ga. App. 295, 296 (427 SE2d 813) (1993).

Pemberton argues that our decision in *Boyd v. State*, 146 Ga. App. 359 (246 SE2d 396) (1978), authorizes a reversal in the present case. However, "[i]n *Sabel v. State*, 250 Ga. 640, 643-644 (5) (300 SE2d 663) (1983), overruled on other grounds *Massey v. Meadows*, 253 Ga. 389 (321 SE2d 703) (1984), the Supreme Court held that *Boyd* did not establish a per se rule, and that the decision of whether such statements are so prejudicial as to warrant mistrial are [still] within the trial court's discretion." *Roos v. State*, 208 Ga. App. 506, 508 (430 SE2d 870) (1993).

In light of the overwhelming evidence against Pemberton and the trial court's curative instructions, we cannot say that the improper evidence affected the jury's verdict or Pemberton's right to a fair trial. See *Bess v. State*, supra. Therefore, we find that the trial court did not abuse its discretion by failing to grant Pemberton's motion for mistrial.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 26, 1996 —
RECONSIDERATION DENIED FEBRUARY 20, 1996 —

*W. Donald Patten, Jr.*, for appellant.

*Robert E. Keller, District Attorney, Per B. Normark, Assistant District Attorney*, for appellee.