A96A0371. YOUNG v. THE STATE.
(471 SE2d 523)

BLACKBURN, Judge.

Mario Leselle Young appeals his conviction of aggravated battery.

1. In his first enumeration of error, Young contends the trial court erred in denying his motion for mistrial when the State's witness placed his character in issue.

In response to Young's testimony that he tried to turn himself in to the police, the State introduced the testimony of Detective Andrews who testified regarding the warrant he obtained for Young's

arrest, his attempts to locate Young, and finally how he found Young in jail on other charges. Young's counsel moved for a mistrial, arguing that the State had improperly placed Young's character into evidence. The trial court denied the motion for mistrial and gave the jury the specific curative instruction requested by Young's counsel.

Pretermitting whether Detective Andrews' testimony was otherwise admissible to rebut Young's testimony, we find that in light of the overwhelming evidence against Young, the trial court did not abuse its discretion in refusing to grant a mistrial. "The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with." (Punctuation omitted.) *Pemberton v. State*, 220 Ga. App. 253, 255 (469 SE2d 233) (1996).

2. In Young's second enumeration of error he contends that the trial court erred in failing to grant a mistrial when another of the State's rebuttal witnesses put his character into evidence by testifying that someone purchased drugs from him. The record reveals, however, that no objection or motion for mistrial was made with respect to this evidence; therefore, this enumeration was waived. See *Al-Beti v. State*, 210 Ga. App. 312 (2) (436 SE2d 50) (1993).

3. In his third enumeration of error, Young contends the trial court erred in its charge on reasonable doubt. Young specifically complains of the trial court's use of the following phrase with regard to reasonable doubt on the crime charged and its lesser included offenses: "if after a consideration of the evidence or from a lack of the evidence or *from the testimony of the defendant alone* there rests upon your minds a reasonable doubt as to the guilt of the defendant of the crime. . . ." Young asserts that the highlighted language amounts to a statement that the jury could only consider Young's testimony, when in fact, Young's defense included other witnesses and evidence.

We cannot agree with Young's interpretation of the charge. When construing charges to determine whether they contain reversible error, we must consider the charge as a whole. See *Slaughter v. State*, 217 Ga. App. 449 (3) (459 SE2d 168) (1995). In the present case, considering the whole charge, it is clear that the trial court instructed that the jury was to consider the *evidence* which includes the defendant's evidence as well as the State's, when determining whether reasonable doubt existed. We cannot say that the trial court's charge as a whole contained reversible error.

4. Young contends the trial court erred in failing to charge on malice. Young's counsel submitted the charge: "Maliciously means that someone acts with an abandoned and malignant heart with total

and wanton disregard for the consequences." After the trial court agreed to give this charge, Young's counsel sought to amend it. The trial court did not agree with the changes, but proposed to give the following charge: "Malice may, but need not be, implied where no considerable provocation appears and where all of the circumstances of the [injury] show an abandoned and malignant heart. It is for you, the jury, to decide whether or not the facts and circumstances of this case show malice." Young's counsel then objected to the trial court's charge as too complicated and stated that if the court would not give his charge then there should be no charge given on malice. The trial court stated that it was going to give the charge on malice over the defendant's objection. Thereafter, Young's counsel withdrew his request to charge on malice, and the trial court did not give any charge on malice.

First, we note that the trial court's charge was a correct statement of the law. Next, we find that this issue was waived. A defendant cannot complain of a decision his conduct aided in causing. See *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251) (1990).

5. By amendment to his enumerations of error, Young sought to raise an additional issue. Young's amended enumeration of error was filed over 20 days after this case was docketed. Therefore, we cannot reach the additional issue raised. "Enumerations of error may not be amended after the original filing time has expired." (Punctuation omitted.) *Ramirez v. State*, 217 Ga. App. 120, 124 (456 SE2d 657) (1995).

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I agree with all except the interpretation of the judge's charge on reasonable doubt, which is ruled on in Division 3. In the sentence, the judge distinguished between "the evidence," that is, the body of evidence, and "the testimony of the defendant alone," that is, only the defendant's testimony. The judge was making plain to the jury that regardless of all the other evidence which might point to guilt, and even if the jury rejected the other evidence defendant presented, if the defendant's own testimony raises a reasonable doubt, the jury must find him not guilty. In other words, the defendant himself, by what he says, may create a reasonable doubt in your mind.

That charge is very favorable to defendant, and I do agree that it was not error. Considering this single charge, or the charge as a whole, it means the same thing.

DECIDED MAY 2, 1996 —
RECONSIDERATION DENIED MAY 20, 1996 — 

*Daniel B. Kane*, for appellant.
Mario L. Young, *pro se.*
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney*, for appellee.