## A96A1603. PETERKIN v. THE STATE.
(474 SE2d 231)

McMURRAY, Presiding Judge.

Defendant was tried before a jury on charges asserted in a multi-

count indictment and found guilty of violating Georgia's Racketeer Influenced & Corrupt Organizations Act ("RICO"), committing four separate acts of first degree forgery and committing five separate acts of second degree forgery. The evidence adduced at trial reveals that defendant's criminal activities included possession of fake driver's licenses, social security cards and bank checks at a motel room that was registered to "Michael Black." When law enforcement officers searched this motel room, they found fake driver's licenses manufactured with different names but bearing the same photograph, snapshots of defendant. And one driver's license that was manufactured using defendant's photograph was inscribed with the name that was used to rent the motel room in question, i.e., "Michael Black."

After determining that defendant's four separate acts of first degree forgery merged with his RICO violation, the trial court entered a judgment of conviction and sentences on the jury's verdicts. Defendant filed this appeal, with assistance of counsel. *Held*:

1. Defendant posted a letter to the clerk of this Court, pro se, requesting additional time to "supplement" and "support [his] attorneys (sic) brief."

A party does not have a right to be represented by counsel and also represent himself on appeal. *Boyd v. State*, 195 Ga. App. 758, 759 (395 SE2d 7). We therefore only consider the enumerations of error and brief presented by counsel when a party is represented by counsel on appeal. *Clemmons v. State*, 210 Ga. App. 632 (437 SE2d 350). Consequently, in the case sub judice, there would be no use in granting defendant's request for an extension of time to file a supplemental brief, pro se. Accordingly, defendant's request for additional time to file such a supplemental brief is hereby denied.

2. Defendant contends the trial court erred in allowing an investigating officer's testimony that a motel clerk's physical description of the man who checked into the motel room (where officers found forged documents bearing defendant's photograph) matched defendant's physical description. Defendant argues that this testimony was hearsay and that its admission was harmful error because the officer's statement regarding the clerk's report was the only testimony linking defendant to the motel room where the forged documents were discovered.

While the officer's testimony may have been erroneously admitted, *Teague v. State*, 252 Ga. 534 (1) (314 SE2d 910), we find it highly probable that its admission did not contribute to the jury's verdict. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). After all, viewed in context, the officer simply conveyed the motel clerk's description of the man who checked into the motel room, nothing more. The officer did not say that the motel clerk identified defendant as the man who

checked into the motel room. This was the officer's own conclusion, the basis of which could have been easily tested upon cross-examination. Furthermore, the evidence linking defendant to the motel room is overwhelming. One of defendant's criminal associates testified at trial and identified a computer that was seized by searching officers from the motel room in question as the computer defendant possessed during his involvement with defendant's criminal enterprise. Searching law enforcement officers found defendant's photographs on forged documents in the motel room and one of these forged documents is a driver's license bearing the name used to register the motel room in question, "Michael Black." And most persuasively, the forged documents found in the motel room bore the same names defendant and his associates were observed using during the fraudulent banking transaction which form the basis of defendant's RICO violation. Under these circumstances, we find it highly probable that admission of objectional testimony did not contribute to the jury's verdict. See *Teague v. State*, 252 Ga. 534, 537 (2), supra.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JULY 15, 1996.

*Phillips & Phillips, Rhonda M. Phillips*, for appellant.
*Charles H. Weston, District Attorney, Kirby H. Wincey, Jr., Thomas J. Matthews, Assistant District Attorneys*, for appellee.