A96A1934. WILSON v. THE STATE.
(476 SE2d 97)

BLACKBURN, Judge.

Following a jury trial, Theopulas Jerome Wilson was convicted of trafficking in cocaine. On appeal, Wilson argues that the trial court erred in overruling his motion for mistrial, contending that a State's witness improperly introduced evidence of his character during the trial.

On October 22, 1995, Wilson's vehicle was stopped for a speeding violation by Terrell County Deputy Sheriff Eddie Fairbanks. Because Wilson was unable to produce his driver's license upon request, Deputy Fairbanks conducted a computer check of Wilson's license. The computer revealed that Wilson's license had been suspended. Advising Wilson at this point that he was under arrest, Deputy Fairbanks asked for and received permission to search Wilson's car. Cocaine was discovered in the passenger compartment and trunk of Wilson's car.

Deputy Fairbanks testified that he and other officers found a black tote bag in the trunk of Wilson's car. Inside the tote bag was a brown mailing envelope containing cocaine. When asked by the prosecutor if he had found anything inside the black tote bag identifying

it as Wilson's, Deputy Fairbanks responded affirmatively, and testified that a prison I.D. card had been found in the tote bag. Wilson's counsel objected to this response and moved for a mistrial, contending that Wilson's character had been impermissibly placed into evidence. The trial court overruled the motion for mistrial, gave a curative instruction before proceeding with the case, and Wilson's counsel preserved his objection.

"The trial court has a broad discretion in passing on motions for mistrial, and its ruling will not be disturbed by the appellate courts unless it appears that there has been a manifest abuse of discretion and that a mistrial is essential to the preservation of the right to a fair trial. Where a motion for mistrial is made on the ground of inadmissible matters being placed before the jury, the corrective measure to be taken by the trial court also is largely a matter of discretion, and where proper corrective measures are taken and there is no abuse of that discretion, the refusal to grant a mistrial is not error." (Citations and punctuation omitted.) *Edwards v. State*, 200 Ga. App. 580, 582 (408 SE2d 802) (1991).

Deputy Fairbanks discovered the prison I.D. card during the course of Wilson's arrest and the contemporaneous search of his vehicle. Wilson does not dispute that he consented to the search. "Where evidence is relevant and material, it is not objectionable merely because it is prejudicial or because its effect is incidentally to put the defendant's character in issue." (Punctuation omitted.) *Sims v. State*, 180 Ga. App. 537, 538 (349 SE2d 783) (1986). See *Pemberton v. State*, 220 Ga. App. 253 (469 SE2d 233) (1996) (officer's testimony that defendant was found detained in the Clayton County Jail did not merit mistrial in light of the trial court's decision to give curative instructions). "All circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them." (Punctuation omitted.) *Coney v. State*, 198 Ga. App. 272, 273-274 (401 SE2d 304) (1991).

Reference to a prison I.D. card does not necessarily infer that the holder is a prisoner. Many employees, vendors and other nonprisoner personnel are issued I.D. cards. However, even if the testimony had been improper, based on the trial court's curative instruction, as well as the overwhelming evidence against Wilson, the evidence in question did not affect the jury's verdict or hamper Wilson's right to a fair trial and was therefore harmless. See *Pemberton*, supra. Accordingly, we find that the trial court did not abuse its discretion by denying Wilson's motion for a mistrial. Id.

*Judgment affirmed. Birdsong, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur in the judgment because, as the majority states, the curative instruction was adequate and the evidence against Wilson was overwhelming. However, the testimony that a "prison" I.D. card in defendant's name was found with the contraband in the tote bag in his vehicle was not admissible and that is why the court gave a curative instruction after a lengthy discussion with counsel.

The certified law enforcement officer, who had been employed in law enforcement for six years, was asked on direct whether he found anything in the bag "that identified it as being connected in any way to the Defendant." He responded: "Yes, sir. I found a ID card, a prison ID card inside." Defendant moved for a mistrial on the ground that defendant's character had been put in evidence. See OCGA § 24-9-20 (b).

While it is true that circumstances surrounding an arrest are admissible and that prejudicial evidence and evidence which incidentally puts a defendant's character in issue are admissible if relevant and material, the fact that the I.D. card was one issued by a prison was not relevant, material, or necessary. As the trial court asked at the outset of the hearing on the motion, outside the presence of the jury, "Why was the witness not instructed to just say, 'I found an ID card,' instead of 'I found a prison ID card?'" OCGA § 24-2-2 provides: "The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." The fact that defendant had been in prison was not relevant to any issue to be tried by the jury.

After the discussion and just prior to recalling the jury and instructing it, the court admonished the state's attorney to instruct the witness "that anything that might bring this Defendant's character into evidence he cannot say." Considering the circumstances involving the nature of the evidence, the immediate reaction of defendant, the length of time the jury was sequestered while the matter was decided, and the cautionary instruction of the court, it is just as likely if not more so that a jury would infer that the card was issued to defendant as a prisoner rather than as an employee or outside vendor. Had it been one of the innocuous latter type, no doubt such an explanation would be given.

DECIDED SEPTEMBER 18, 1996.

*Collier & Gamble, Wilbur T. Gamble III*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.