S97A1854. McCORD v. THE STATE.
(493 SE2d 129)

CARLEY, Justice.

A jury found DeWayne McCord guilty of two counts of felony murder and one count each of armed robbery and possession of a firearm during the commission of certain crimes. The trial court entered judgments of conviction and three consecutive sentences of life imprisonment for the felony murders and the armed robbery, and one consecutive term of five years for the possession of a firearm. McCord appeals.[1]

---

[1] The crimes occurred on December 8, 1992 and the grand jury indicted McCord on October 19, 1993. On September 6, 1996, the jury returned its guilty verdicts and the trial court entered its judgments of conviction and sentences. McCord filed a motion for new trial on September 13, 1996, which the trial court denied on May 6, 1997. McCord filed his notice of appeal on June 3, 1997 and the case was docketed in this Court on August 5, 1997. The case was submitted for decision on October 14, 1997.

1. The State introduced evidence that, during a robbery at a pawn and gun shop, the owners of the shop, Mr. and Mrs. Thigpen, were shot and killed. Before Mrs. Thigpen died, she identified the perpetrators as two males who left in a large blue, four-door car. Later that day, police recovered a stolen car fitting that description. Its tires were of the same type which left impressions at the scene. McCord and his co-indictee Eric Kelly made several incriminating statements to three different men. Those statements indicated that McCord and Kelly stole a car, that McCord borrowed a gun from Eric Crawford and was the one who shot the Thigpens, and that McCord and Kelly took numerous guns from the pawn shop. The casings found at the crime scene matched the gun identified by Crawford as the one he loaned to McCord. Therefore, we conclude that a rational trier of fact could have found beyond a reasonable doubt that McCord was guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Berry v. State*, 267 Ga. 605, 606 (1) (481 SE2d 203) (1997); *Lively v. State*, 261 Ga. 245 (403 SE2d 810) (1991).

2. An investigating officer testified that, when McCord was charged with the Thigpens' murder, he was already incarcerated under the name "Terrance Jones." McCord asserts that this testimony, as well as references by the District Attorney and by the trial court to the "Terrance Jones" alias as set forth in the indictment, presented uncharged misconduct to the jury. However, the officer did not mention the reason for McCord's incarceration. *McClendon v. State*, 170 Ga. App. 790, 791 (2) (318 SE2d 145) (1984). Testimony as to the use of an alias does not place the character of an accused in issue. *McClendon v. State*, supra; *Johnson v. State*, 168 Ga. App. 271, 272 (2) (308 SE2d 681) (1983); *Rickerson v. State*, 142 Ga. App. 238 (2) (235 SE2d 655) (1977). Furthermore, the trial court's and the District Attorney's identification of McCord by use of his alias, as named in the indictment, was not error. *Haas v. State*, 146 Ga. App. 729, 732 (5) (247 SE2d 507) (1978). See also *Malone v. State*, 219 Ga. App. 728, 729 (2) (466 SE2d 645) (1995).

3. McCord contends that the District Attorney, in closing argument, improperly shifted the burden of proof by repeatedly referring to the failure of the defense to present any evidence. "It is not improper to comment on the failure of the defense to present evidence to rebut the State's evidence of guilt. [Cit.]" *Greene v. State*, 266 Ga. 439, 447 (19) (d) (469 SE2d 129) (1996), rev'd on other grounds, 519 U. S. ___ (117 SC 578, 136 LE2d 507) (1996). As McCord made no attempt at trial to rebut the State's evidence of guilt, we find no error. *Bright v. State*, 265 Ga. 265, 285 (19) (c) (455 SE2d 37) (1995).

4. The trial court did not err by allowing into evidence a photograph depicting McCord pointing a pistol. See *Wood v. State*, 255 Ga.

697, 698 (4) (341 SE2d 442) (1986); *Carver v. State*, 185 Ga. App. 436, 439 (5) (364 SE2d 877) (1987). McCord urges that the trial court should have granted his motion for mistrial when, in closing argument, the District Attorney used the photograph to demonstrate the "last thing" that one of the victims saw. This comment falls within the " 'considerable latitude in imagery and illustration' afforded the State during closing argument. [Cit.]" *Gaston v. State*, 209 Ga. App. 477, 479·(7) (433 SE2d 306) (1993). See also *McMichen v. State*, 265 Ga. 598, 609 (19) (458 SE2d 833) (1995); *Seymour v. State*, 210 Ga. 571, 574 (6) (a) (81 SE2d 808) (1954).

5. According to the testimony of ATF agent Randy Beach, a long-time informant called him several hours after the crimes occurred and described the getaway car and its speed and destination. Over McCord's hearsay objection, the trial court admitted this testimony into evidence to explain police conduct in searching for and investigating the car. McCord enumerates as error the admission of the testimony and also complains of its use by the District Attorney as substantive evidence in closing argument.

The State has not shown that this case presents one of those rare instances where the conduct of an investigating officer needs to be explained. Compare *Holmes v. State*, 266 Ga. 530, 531 (2) (468 SE2d 357) (1996) (where, on cross-examination, defense counsel questioned the adequacy of a specific part of the police investigation). Police conduct in initiating and continuing an investigation of the car was not in itself a relevant inquiry, as all officers have a professional obligation to initiate and continue any investigation which he or she, in good faith, believes to relate to criminal conduct. *Render v. State*, 267 Ga. 848, 849 (2) (483 SE2d 570) (1997). However, there is no reversible error if it was highly probable that the erroneous admission of Beach's testimony did not contribute to the verdict. *Teague v. State*, 252 Ga. 534, 537 (2) (314 SE2d 910) (1984). The informant's statement about the getaway car did not identify McCord or otherwise implicate him in the crimes charged, other admissible evidence included a description of the getaway car and showed that McCord had stolen a car, and the witnesses who directly implicated McCord were available to and did testify at trial. *Peterkin v. State*, 222 Ga. App. 329, 330 (2) (474 SE2d 231) (1996); *Poole v. State*, 193 Ga. App. 122, 123 (2) (387 SE2d 48) (1989); *Rushin v. State*, 180 Ga. App. 276, 277 (3) (348 SE2d 910) (1986). Therefore, we find the error in admitting Beach's testimony to be harmless.

McCord's failure to object to the closing argument precludes appellate review of the remarks. "A defendant must object to the alleged impropriety at the time it occurs in order to afford the trial court the opportunity to take remedial action. [Cit.]" *Miller v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996). See also *Isaac v. State*, 263 Ga.

872, 874 (4) (a) (440 SE2d 175) (1994).

6. McCord contends that the trial court erred by giving no instruction on accomplice testimony. McCord initially requested an instruction on accomplice testimony. When the only alleged accomplice did not testify, however, McCord withdrew the request. Absent a request to charge the law regarding corroboration of an accomplice's testimony, the trial court did not err in failing to do so. *Thornton v. State*, 264 Ga. 563, 578 (23) (I) (449 SE2d 98) (1994).

7. During closing argument, defense counsel violated the trial court's directions by commenting that Kelly did not testify and was not available for cross-examination. The trial court then explained to the jury that Kelly had invoked the privilege against self-incrimination and had continued to refuse to testify even after the grant of testimonial immunity. McCord concedes that his counsel violated the trial court's directions, but urges that the trial court's instruction to the jury was an overly severe remedy for that violation.

"If it appears that a witness intends to claim the privilege [against self-incrimination] as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness' assertion of the privilege either alone or in conjunction with questions that have been put to him." [Cit.] . . . [O]ne reason for this rule is that reliable inferences do not ordinarily follow from a witness' invocation of the Fifth Amendment.

*Davis v. State*, 255 Ga. 598, 604 (7) (340 SE2d 869) (1986). See also *Wynn v. State*, 168 Ga. App. 132, 135 (2) (308 SE2d 392) (1983) (involving the spousal privilege). Accordingly, the trial court was authorized to counteract McCord's attempt to benefit from Kelly's failure to testify, particularly where McCord disregarded the trial court's directions.

8. McCord contends that his trial counsel rendered ineffective assistance in withdrawing the request to instruct on accomplice testimony and in commenting during closing argument that Kelly did not testify. Having first directed our inquiry to the prejudice component of the test for ineffective assistance of counsel, we find nothing to show a reasonable probability that the outcome of the trial would have been different if trial counsel had not withdrawn the request and had not made the comment regarding Kelly. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Lajara v. State*, 263 Ga. 438, 440-441 (3) (435 SE2d 600) (1993); *Allen v. State*, 263 Ga. 60, 62 (4) (428 SE2d 73) (1993); *Smith v. State*, 262 Ga. 480, 481 (422 SE2d 173) (1992); *Moody v. State*, 206 Ga. App. 387, 389 (1)

(c) (425 SE2d 397) (1992).

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 3, 1997 —
RECONSIDERATION DENIED DECEMBER 19, 1997.

*Lawrence D. Galehouse,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.