## A97A1951. TANNER v. THE STATE.
(495 SE2d 315)

Judge Harold R. Banke.

Robert Lewis Tanner was convicted of felony theft by shoplifting and sentenced as a recidivist. On appeal, he enumerates four errors.

This case arose while Tanner and his common law wife (and codefendant) were shopping at a Kroger store. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). A store security guard spotted Tanner in the cosmetics aisle placing containers of Oil of Olay into a grocery cart. His wife, standing at the other end of the cart, then placed the containers into her purse which was sitting in the cart. The couple separated, and apparently noticed the guard. The wife then returned to the cosmetics section and began placing the Oil of Olay boxes back on the shelves. After apprehending the wife and searching the purse, the guard discovered 16 boxes of various Oil of Olay products of a total value of $111.92 and $11 in cash. Neither Tanner nor his wife had credit cards, identification, a checkbook or money on their persons. The guard summoned authorities and the couple was arrested. *Held*:

1. The evidence, viewed in the light most favorable to the verdict, was sufficient to support the conviction, notwithstanding Tanner's contention that the State's case was purely circumstantial and rested entirely on a parties to a crime theory. The guard testified that he saw Tanner acting as a lookout, handing boxes of Oil of Olay to his wife, and watching as she concealed them in her purse. OCGA § 16-8-

14 (a) (1). This was sufficient to constitute aiding and abetting within the meaning of OCGA § 16-2-20 (b) (3). *Gaskin v. State*, 221 Ga. App. 142, 143 (1) (470 SE2d 531) (1996). Thus, holding him criminally responsible for the theft by shoplifting as a party to the crime was appropriate. *Thaxton v. State*, 184 Ga. App. 779, 780 (1) (362 SE2d 510) (1987).

2. We reject Tanner's contention that a mistrial was required after a law enforcement officer testified that he arrested Tanner for public drunkenness as well as shoplifting. The record shows that the trial court issued a curative instruction cautioning the jury to disregard that testimony. Where, as here, it is not apparent that a mistrial was essential to the preservation of Tanner's right to a fair trial, we cannot say the trial court abused its discretion in opting for the instruction over a mistrial. *Young v. State*, 221 Ga. App. 462, 463 (1) (471 SE2d 523) (1996); see *Mitchell v. State*, 222 Ga. App. 866, 868 (2) (476 SE2d 639) (1996).

3. Nor do we find error in the trial court's rejection of the motion for mistrial Tanner asserted during closing when the State sarcastically argued that if the jury members found Tanner's actions reasonable, they should acquit and let him shop in their stores.[1] The State is permitted considerable latitude in impressing upon the jury its responsibility to enforce the law and may entreat it to consider the community's safety. *Berry v. State*, 267 Ga. 476, 482 (4) (j) (480 SE2d 32) (1997); *Bowen v. State*, 203 Ga. App. 371, 374-375 (5) (417 SE2d 18) (1992). Here, its argument did not exceed the bounds of propriety.

4. The evidence was inadequate to establish Tanner's status as a recidivist for sentencing purposes. *Gadson v. State*, 197 Ga. App. 315, 318 (4) (398 SE2d 409) (1990). The record shows that when the State noticed its intent to introduce evidence in aggravation of punishment it listed three South Carolina convictions: an April 1977 conviction for possession of MDA, a November 1978 conviction for obtaining controlled substances by forged prescription, and a September 1990 conviction for shoplifting. At sentencing, the State presented copies of the indictment and sentence on the latter charge only. It offered printouts from the Georgia Crime Information Center ("GCIC") describing Tanner's criminal history to establish the remaining offenses, successfully arguing over objection that the admission of non-certified GCIC records was permitted. See OCGA § 24-3-17 (b);

---

[1] The prosecutor stated: "[I]f you go back in your jury room and you can find it reasonable for a person to take a bag that was described to you adequately as about two feet long and about — you'll remember the number of inches wide, and to go into a store with $11 in your possession and put $111.92 worth of merchandise in that bag concealing it, if you can attach reason to that, then you acquit him and you put him back on your streets and you let him shop—shop, I use that term loosely. Let him shop in your stores —"

see *Thompson v. State*, 196 Ga. App. 88, 91 (4) (395 SE2d 615) (1990). Tanner then argued that the printouts provided no evidence of representation of counsel or waiver of counsel.

Once Tanner asserted his objection, the State bore the burden of establishing the validity of the convictions it relied upon in arguing for recidivist treatment, an issue separate from the State's reasonable reliance on OCGA § 24-3-17 (b) for authentication purposes. *Dowdy v. State*, 209 Ga. App. 95, 96 (3) (432 SE2d 827) (1993); see *Gadson*, 197 Ga. App. at 318 (4). Waiver of counsel cannot be presumed from a silent record. *Warner v. Jones*, 241 Ga. 467, 468 (246 SE2d 320) (1978). Nor can an uncounseled conviction be used for the purpose of imposing a recidivist sentence. *Blaylock v. Hopper*, 233 Ga. 504, 505 (1) (212 SE2d 339) (1975).

With the exception of the September 1990 shoplifting charge which shows that Tanner was represented, none of the State's evidence shows whether Tanner's convictions were counseled or even the result of a guilty plea.[2] In the face of Tanner's objection, the State failed to meet its burden of proof.[3] Compare *Jones v. State*, 161 Ga. App. 620, 623 (4) (288 SE2d 795) (1982). Accordingly, the sentence must be vacated and the case remanded for inquiry into the validity of the convictions on which Tanner's recidivist status is premised.

*Judgment of conviction affirmed; sentence vacated and case remanded with direction. Johnson and Blackburn, JJ., concur.*

DECIDED DECEMBER 15, 1997 —
RECONSIDERATION DENIED JANUARY 5, 1998.

*Sam B. Sibley, Jr.*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[2] Tanner's failure to argue to the trial court that the shoplifting charge would not be a felony in Georgia waives the issue.

[3] The State's failure to address this issue in its appellate brief is disappointing.